Jerry GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–95–00266–CR.

Court of Appeals of Texas,
Austin.

Oct. 8, 1998.

Rehearing Overruled Oct. 29, 1998.

Richard J. Segura, Jr., Law Office of Richard J. Segura, Jr., David A. Schulman, Schulman & Krug, Austin, for Appellant.

Eugene D. Taylor, Williamson County Attorney, Grant C. Sparks, Assistant County Attorney, Georgetown, for Appellee.

Before ABOUSSIE, KIDD and DALLY,[*] JJ.

## ON REMAND

DALLY, Justice (Retired).

Appellant Jerry Gonzales entered into a plea bargain agreement with the State which was accepted by the trial court. On appellant's plea of nolo contendere, he was convicted of the offense of driving a motor vehicle in a public place while intoxicated. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575 (Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1(b)) (since amended and codified at Tex. Penal Code Ann. § 49.04 (West 1994)). In an unpublished opinion, this Court affirmed the trial court's judgment, holding that the trial court did not abuse its discretion in refusing to grant appellant's motion to suppress evidence.

Appellant's petition for discretionary review was granted by the Court of Criminal Appeals. That Court reversed the judgment of this Court and remanded the cause with instructions to "identify 'the fruits' that the trial court held would not be suppressed" and to "determine [whether] these fruits have 'somehow been used' by the State." *See Gonzales v. State,* 966 S.W.2d 521, 524 (Tex.

---

[*] Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

Crim.App.1998). The Court of Criminal Appeals also advised that "if it is not clear from the testimony and exhibits what 'the fruits' are, then the appellate court need not address the merits of the claim. Likewise, if the fruits have not 'somehow been used' by the State, then the appellate court need not address the merits of the claim." *Id.*

After the cause was remanded, appellant, at this Court's request, filed a brief addressing the issues we were instructed to determine. Appellant asserts that: "The fruits of the poisonous tree in this case was the admissibility of the blood test results, which the State alleged, by way of information, to have contained an alcohol concentration over 0.10, that was taken from the defendant." The State alleged alternative means in the information by which the element of intoxication might be proved. It was alleged that: (1) appellant "did not then and there have the normal use of mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body," or (2) in the alternative, that appellant "did then and there have an alcohol concentration of 0.10 or more." Proof of either means alleged would support that element of the offense.

We have again reviewed the complete record consisting of the clerk's record, the reporter's record of the hearing of the motions to suppress, and the reporter's record of the plea proceedings. No exhibits were offered or admitted in evidence. The sole witness was Department of Public Safety Trooper Lewis Hodges who testified at the hearing of the motion to suppress. The record shows that, at Trooper Hodges's request, appellant furnished a specimen of his blood which was drawn at the hospital by a registered nurse. That blood specimen was taken to the Department of Public Safety Laboratory by Trooper Hodges. The record fails to show that the blood specimen was analyzed. If it were analyzed, the record fails to show that the results of the analysis revealed incriminating evidence. Appellant argues inferentially that the State's allegation that the defendant "did then and there have an alcohol concentration of 0.10 or more," identifies "the

fruits" of the alleged unlawful search and seizure of appellant's blood. We do not agree.

■ The mere allegation in a charging instrument that appellant's blood alcohol concentration was 0.10 or more constitutes no evidence that "the fruits" of the alleged unlawful search and seizure was the "blood test results." An indictment or information is not evidence. *See United States v. Ross,* 58 F.3d 154, 160 n. 10 (5th Cir.1995); *United States v. Flores Perez,* 849 F.2d 1, 5 (1st Cir.1988); *United States v. Cox,* 536 F.2d 65, 72 (5th Cir.1976) ("it is hornbook law that indictments cannot be considered as evidence. . . . "). Also, motions to suppress evidence are not evidence. *See Epson v. State,* 743 S.W.2d 311, 312 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Jones v. State,* 659 S.W.2d 492, 493 (Tex.App.—Fort Worth 1983, no pet.); *Nelson v. State,* 629 S.W.2d 888, 890 (Tex.App.—Fort Worth 1982, no pet.). However, a motion to suppress that is sworn to or supported by affidavit and admitted in evidence may be considered as evidence. *See* Tex.Code Crim. Proc. Ann. art. 28.01 (West 1989); *Epson,* 743 S.W.2d at 312. In the instant case the motions to suppress were not sworn to or supported by affidavit, and they were not offered or admitted in evidence. Appellant's motions to suppress were mere pleadings; they were not self-proving and they were not evidence.

The trial court's order refusing to grant appellant's motion to suppress is supported by *McGlynn v. State,* 704 S.W.2d 18 (Tex. Crim.App.1982) (on motion for rehearing). In that case, the defendant was charged with possessing methylphenidate and before pleading guilty, moved the trial court to suppress the contraband because it had been unlawfully seized. The Court of Criminal Appeals held that the trial court did not err in refusing to suppress the evidence because the "testimonial record . . . simply [did] not show that anything the officer seized was methylphenidate." We quote from that opinion.

Here, unlike the clear showing in the record of *Isam [Isam v. State,* 582 S.W.2d 441 (Tex.Crim.App.1979) ] that the controlled substance seized was marihuana, the testi-

mony of the arresting and searching officer does not inform us that the pills he seized from the prescription bottle in the purse of appellant were, or contained, a controlled substance.

\* \* \* \* \*

Without some such demonstration in the record, we are left to determine academically whether seizure of pills in a bottle found in the purse of appellant was violative of the Fourth Amendment and of Article I, § 9. But since the strictures of both are enforced through the Exclusionary Rule, "the issue is not the abstract propriety of the police conduct, but the admissibility against [appellant] of the evidence uncovered by the search and seizure," *Terry v. Ohio*, 392 U.S. 1, 12, 88 S.Ct. 1868, 1875, 20 L.Ed.2d 889 (1968). The dictum of Justice Holmes is still valid: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all." *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 388, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Yet unless and until we are confident about what fruits of a search have somehow been used, the Court need not decide whether the search was constitutionally permissible.

*McGlynn*, 704 S.W.2d at 20–21. We are not authorized to speculate on what the record might have shown.

■ From the record, we cannot identify "the fruits" of the alleged unlawful search and seizure. Therefore, in accord with the Court of Criminal Appeals' instructions, we need not address the merits of appellant's claims. Likewise, because we are unable to identify from the record any "fruits" of the alleged unlawful search and seizure, we are unable to determine from the record that the alleged fruits have "somehow been used" by the State. We again hold that the trial court did not abuse its discretion in refusing to grant appellant's motions to suppress.

The trial court's judgment is affirmed.