TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING








NO. 03-98-00502-CR







Kimberly E. Goranson, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 46,607, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







In her motion for rehearing, appellant challenges our conclusion that the fruits of
the alleged unlawful detention cannot be identified from the record. She argues, "[I]t is obvious
that the arresting officer would have testified at the trial that Appellant was operating a motor
vehicle, one of the elements of the offense." She adds, "It is plain from this record that the
'fruits' of the illegal stopping would be an officer testifying as to essential elements of the offense,
such as operating a motor vehicle on a public road."

That appellant's car was being driven on a public road was a fact known to the
officer before he stopped her. Testimony regarding this element of the offense would not,
therefore, be a fruit of the challenged detention. In any event, appellant did not move to suppress
the fact that she was driving on a public road. Instead, she sought to suppress "tangible evidence
seized" and "statements made and actions done by [her]" following the stop. 

An appellate court need not address the merits of a suppression claim absent a
showing "that particular evidence the accused maintains should have been suppressed . . . would
in any measure inculpate the accused." Gonzales v. State, 966 S.W.2d 521, 523 (Tex. Crim.
App. 1998) (quoting Kraft v. State, 762 S.W.2d 612, 615 (Tex. Crim. App. 1988)). "Without
some such demonstration in the record, we are left to determine academically" whether the
challenged seizure was unlawful. McGlynn v. State, 704 S.W.2d 18, 20 (Tex. Crim. App. 1986). 

In McGlynn, the defendant pleaded guilty to possession of a controlled substance
after the trial court overruled her motion to suppress pills seized incident to her arrest. The court
declined to review the propriety of the arrest and search because there was no showing that the
pills in question were a controlled substance. Id. In Gonzales v. State, 977 S.W.2d 189 (Tex.
App.--Austin 1998, pet. ref'd) (opinion on remand), the defendant pleaded guilty to driving while
intoxicated after the trial court overruled his motion to suppress a blood test. We refused to decide
whether the seizure of the defendant's blood was unlawful because there was no showing that the
blood was analyzed, or that the analysis revealed incriminating evidence. Id. at 190. 

In this cause, appellant pleaded guilty to driving while intoxicated after the trial
court overruled her motion to suppress evidence seized following the traffic stop. There is no
showing in the record that any tangible evidence was seized by the officer, inculpatory or
otherwise. While it is probable that appellant made statements and engaged in conduct following
the stop, the content of any statement or the nature of any action is not shown. The record does
not establish that the evidence appellant sought to suppress was in any way inculpatory. We refuse
to assume that inculpatory evidence was seized following the challenged detention. 

The remainder of appellant's motion for rehearing is devoted to Texas Rule of
Appellate Procedure 25.2(b)(3) and to the question whether the evidence she sought to suppress
was somehow used by the State. These matters are not relevant to our disposition of the appeal.

The motion for rehearing is overruled.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Appellant's Motion for Rehearing Overruled

Filed: June 17, 1999

Do Not Publish



 WP="BR1">


ON MOTION FOR REHEARING








NO. 03-98-00502-CR







Kimberly E. Goranson, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 46,607, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







In her motion for rehearing, appellant challenges our conclusion that the fruits of
the alleged unlawful detention cannot be identified from the record. She argues, "[I]t is obvious
that the arresting officer would have testified at the trial that Appellant was operating a motor
vehicle, one of the elements of the offense." She adds, "It is plain from this record that the
'fruits' of the illegal stopping would be an officer testifying as to essential elements of the offense,
such as operating a motor vehicle on a public road."

That appellant's car was being driven on a public road was a fact known to the
officer before he stopped her. Testimony regarding this element of the offense would not,
therefore, be a fruit of the challenged detention. In any event, appellant did not move to suppress
the fact that she was driving on a public road. Instead, she sought to suppress "tangible evidence
seized" and "statements made and actions done by [her]" following the stop. 

An appellate court need not address the merits of a suppression claim absent a
showing "that particular evidence the accused maintains should have been suppressed . . . would
in any measure inculpate the accused." Gonzales v. State, 966 S.W.2d 521, 523 (Tex. Crim.
App. 1998) (quoting Kraft v. State, 762 S.W.2d 612, 615 (Tex. Crim. App. 1988)). "Without
some such demonstration in the record, we are left to determine academically" whether the
challenged seizure was unlawful. McGlynn v. State, 704 S.W.2d 18, 20 (Tex. Crim. App. 1986). 

In McGlynn, the defendant pleaded guilty to possession of a controlled substance
after the trial court overruled her motion to suppress pills seized incident to her arrest. The court
declined to review the propriety of the arrest and search because there was no showing that the
pills in question were a controlled substance. Id. In Gonzales v. State, 977 S.W.2d 189 (Tex.
App.--Austin 1998, pet. ref'd) (opinion on remand), the defendant pleaded guilty to driving while
intoxicated after the trial court overruled his motion to suppress a blood test. We refused to decide
whether the seizure of the defendant's blood was unlawful because there was no showing that the
blood was analyzed, or that the analysis revealed incriminating evidence. Id. at 190. 

In this cause, appellant pleaded guilty to driving while intoxicated after the trial
court overruled her motion to suppress evidence seized following the traffic stop. There is no
showing in the record that any tangible evidence was seized by the officer, inculpatory or
otherwise. While it is probable that appellant made statements and engaged in conduct following
the stop, the content of any statement or the nature of any action is not shown. The record does
not establish that the evidence appellant sought to suppress was in any way inculpatory. We refuse
to assume that inculpatory evidence was seized following the challenged detention. 

The remainder of appellant's motion for rehearing is devoted to Texas Rule of
Appellate Procedure 25.2(b)(3) and to the question whether the evidence she sought to suppress
was somehow used by the State. These matters are not relevant to our disposition of the appeal.

The motion for rehearing is overruled.