TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00303-CR






Jonathan Wiegand, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 479463, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 After entering a plea of nolo contendere to the offense of driving while intoxicated
(DWI), (1) the trial court assessed appellant's punishment pursuant to a plea bargain at confinement
in county jail for 120 days, probated for two years, and a $2,000 fine, $1,400 of which was
probated. Three of appellant's six points of error are based on alleged violations of the Fourth
Amendment to the United States Constitution. The remaining three points of error mirror the first
three points except they allege violations of Article I, section 9 of the Texas Constitution. 
Appellant contends the trial court erred by failing to suppress all fruits of appellant's seizure
because the State did not meet its burden of proving reasonable suspicion or probable cause to
justify: (1) the initial stop; (2) expanding the original detention to include a pat down search; and
(3) expanding appellant's original detention to include a DWI investigation. We will overrule
appellant's points of error and affirm the judgment of the trial court.

 At the outset, we note that the Texas Court of Criminal Appeals has held that the
Texas Constitution does not offer greater protection than the Fourth Amendment and may offer
less. Hulit v. State, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998). Defense counsel elicited the
following evidence from Department of Public Safety trooper Jason Oakley relative to appellant's
arrest at approximately 12:58 a.m. on April 11, 1997. The probable cause for appellant's initial
detention was that "he was traveling 87 miles an hour in a 60 miles an hour zone; that the was
clocked by radar." The first thing Oakley did was to pat down appellant for weapons for his
safety. Appellant made no furtive gestures nor did Oakley see any bulges in appellant's clothing. 
Oakley was unable to tell about bulges because appellant's shirt was "untucked." Oakley's pat
down of appellant's outer clothing failed to reveal anything. On the basis of an odor on
appellant's breath and his manner of speech, Oakley initiated a Horizontal Gaze Nystogmus
(H.G.N.) field sobriety test. Appellant was not free to leave at that time. Appellant did poorly
on all of the tests. Oakley later explained in some detail his observations and findings. Appellant
received oral and written DWI warnings which were followed by appellant's refusal to take an
Intoxilyzer breath test. Appellant was then "Mirandaized." Oakley felt he had probable cause
to arrest appellant for DWI based upon "the failure of the field sobriety tests, the odor, the manner
of his speech, his admissions and the manner of his driving."

 Under examination by the prosecutor, Oakley stated that in addition to the H.G.N.
test, he had appellant perform several other field sobriety tests. Tests resulted in showing "he
used his arms to balance--he swayed while standing." On the walk and turn test, "he stepped off
the line at number six on the return trip, nearly falling over." On the head-tilt test, "while his
head was tilted back with his eyes closed, he displayed approximately one-inch sway in all
directions." Based on his observations and experience, Oakley formed the opinion that appellant
was intoxicated. "He did not have the . . . normal use of his mental and physical faculties;"
intoxication was attributed to "alcohol."

 Although determinations of reasonable suspicion and probable cause are reviewed
de novo on appeal, appellate courts should afford great deference to a trial court's determination
of historical facts, especially when the trial court's fact findings are based upon an evaluation of
credibility and demeanor. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In
reviewing a trial court on an application for law to fact question, the appellate courts should view
the evidence in the light most favorable to the trial court's ruling. Id. In the instant cause it is
undisputed that the initial stop of appellant was warrantless, but the State argues that neither the
Fourth Amendment nor the Texas Constitution were violated because there was probable cause
for the initial stop and subsequent arrest.

 Appellant contends there are no facts in the record demonstrating the basis for
Oakley's determination that appellant committed a traffic violation. An officer's testimony that
a vehicle was speeding appears to constitute sufficient evidence to conclude there was a violation
of a traffic law thereby justifying an initial stop. See Dillard v. State, 550 S.W.2d 45, 50 (Tex.
Crim. App. 1977). In the instant cause, officer Oakley responded in the affirmative to defense
counsel's question that appellant was clocked by radar traveling 87 miles an hour in a 60 mile zone
and corrected the location suggested in appellant's question as to the street or highway where
appellant was driving. The only reasonable and logical inference that can be concluded from
Oakley's testimony is that Oakley was the person who clocked appellant by radar committing a
traffic offense and stopped appellant's vehicle. We reject appellant's contentions that the original
stop was not justified.

 Appellant contends that the pat down of appellant was illegal because of the State's
failure to show that a reasonably prudent man in the officer's circumstances would be warranted
in the belief that his safety or that of others was in danger. Appellant points to Oakley's denial
of any furtive gesture or sudden movements by appellant. Nor were any bulges visible under
appellant's clothing. Oakley stated that his reason for the pat down was appellant's "untucked"
shirt that would prevent him from seeing any bulges. Assuming the pat down was illegal, the odor
of appellant's breath, his slurred speech, his failure to pass field sobriety tests, and his refusal to
take a breath test cannot be characterized as fruits of the pat down. From the record, we cannot
identify any fruits of the alleged unlawful pat down that were used by the State. See Gonzales v.
State, 977 S.W.2d 189, 191 (Tex. App.--Austin 1998, pet. ref'd.) (on remand).

 In his last contention, appellant urges that there was no basis for expanding the
scope of the alleged search of a DWI investigation. Appellant directs our attention to Oakley's
failure to demonstrate the content of appellant's speech and failure to establish anything about
appellant's breath that is probative on intoxication. We believe it would be unusual to expect a
witness to define slurred speech or expand on its meaning. Another of the reasons Oakley gave
for feeling he had to give appellant field sobriety tests was an odor on appellant's breath. Oakley
listed the odor on appellant's breath as one of the reasons he concluded that appellant was
intoxicated. Oakley attributed appellant's intoxication to "alcohol." The foregoing
uncontroverted testimony of the officer, none of which could be considered as fruits of the pat
down, coupled with the reasonable inferences that trial court could draw from the testimony,
demonstrate that the officer had the basis for expanding the scope of the DWI investigation. 
Appellant's last contentions are overruled.

 The judgment of the trial court is affirmed.

 


 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: July 29, 1999

Do Not Publish












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West 1994 & Supp. 1999).



ld view
the evidence in the light most favorable to the trial court's ruling. Id. In the instant cause it is
undisputed that the initial stop of appellant was warrantless, but the State argues that neither the
Fourth Amendment nor the Texas Constitution were violated because there was probable cause
for the initial stop and subsequent arrest.

 Appellant contends there are no facts in the record demonstrating the basis for
Oakley's determination that appellant committed a traffic violation. An officer's testimony that
a vehicle was speeding appears to constitute sufficient evidence to conclude there was a violation
of a traffic law thereby justifying an initial stop. See Dillard v. State, 550 S.W.2d 45, 50 (Tex.
Crim. App. 1977). In the instant cause, officer Oakley responded in the affirmative to defense
counsel's question that appellant was clocked by radar traveling 87 miles an hour in a 60 mile zone
and corrected the location suggested in appellant's question as to the street or highway where
appellant was driving. The only reasonable and logical inference that can be concluded from
Oakley's testimony is that Oakley was the person who clocked appellant by radar committing a
traffic offense and stopped appellant's vehicle. We reject appellant's contentions that the original
stop was not justified.

 Appellant contends that the pat down of appellant was illegal because of the State's
failure to show that a reasonably prudent man in the officer's circumstances would be warranted
in the belief that his safety or that of others was in danger. Appellant points to Oakley's denial
of any furtive gesture or sudden movements by appellant. Nor were any bulges visible under
appellant's clothing. Oakley stated that his reason for the pat down was appellant's "untucked"
shirt that would prevent him from seeing any bulges. Assuming the pat down was illegal, the odor
of appellant's breath, his slurred speech, his failure to pass field sobriety tests, and his refusal to
take a breath test cannot be characterized as fruits of the pat down. From the record, we cannot
identify any fruits of the alleged unlawful pat down that were used by the State. See Gonzales v.
State, 977 S.W.2d 189, 191 (Tex. App.--Austin 1998, pet. ref'd.) (on remand).

 In his last contention, appellant urges that there was no basis for expanding the
scope of the alleged search of a DWI investigation. Appellant directs our attention to Oakley's
failure to demonstrate the content of appellant's speech and failure to establish anything about
appellant's breath that is probative on intoxication. We believe it would be unusual to expect a
witness to define slurred speech or expand on its meaning. Another of the reasons Oakley gave
for feeling he had to give appellant field sobriety tests was an odor on appellant's breath. Oakley
listed the odor on appellant's breath as one of the reasons he concluded that appellant was
intoxicated. Oakley attributed appellant's intoxication to "alcohol." The foregoing
uncontroverted testimony of the officer, none of which could be considered as fruits of the pat
down, coupled with the reasonable inferences that trial court could draw from the testimony,
demonstrate that the officer had the basis for expanding the scope of the DWI investigation. 
Appellant's last contentions are overruled.

 The judgment of the trial court is affirmed.

 


 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: July 29, 1999

Do Not Publish












* Before Tom G. Davis, Judge (retired), Court of Criminal Appeal