TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00438-CR







Gwen Jenkins King, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 508,581, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







 Appellant Gwen Jenkins King entered a nolo contendere plea before the court and
was convicted of the misdemeanor offense of operating a motor vehicle in a public place while
intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West Supp. 2000). The trial court assessed
appellant's punishment at confinement in the county jail for 180 days and a fine of $2,000. 
Imposition of sentence was suspended, and appellant was granted community supervision for a
period of twenty-four months, and $1,200 of the fine was probated. The judgment will be
affirmed.

 Appellant asserts that the issue presented is "[w]hether the arresting officer had
probable cause or other permissible reason to make the initial stop of King." This issue was
raised by a pretrial motion to suppress evidence. The record is composed of the clerk's record
and the reporter's record of the hearing of the motion to suppress. The record does not include
a reporter's record of the bench trial at which appellant entered her nolo contendere plea. At the
conclusion of the suppression hearing, the trial court ruled that appellant's statement to the
arresting officer that she had had a couple of glasses of wine would be suppressed. This ruling,
favorable to appellant, was followed by the court's statement that "we will carry the motion
regarding the remainder of the evidence to the next setting." 

 The record fails to show that the trial court ever ruled on the admissibility of the
remainder of the challenged evidence. Further, in the absence of a reporter's record of trial, the
record fails to show whether appellant objected to the admission of any evidence alleged to have
been unlawfully obtained. Because the record does not show that the trial court ruled on the
admissibility of the allegedly unlawfully obtained evidence, either on the hearing of the motion
to suppress or the trial of the cause, nothing is presented for review. See Garcia v. State, 887
S.W.2d 862, 871 (Tex. Crim. App. 1994); Martinez v. State, 867 S.W.2d 30, 33 (Tex. Crim.
App. 1993); Darty v. State, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); Dunavin v. State, 611
S.W.2d 91, 94-97 (Tex. Crim. App. 1981); Hepner v. State, 966 S.W.2d 153, 159-60 (Tex.
App.--Austin 1998, no pet.); Tuffiash v. State, 948 S.W.2d 873, 876 (Tex. App.--San Antonio
1997, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 855 (Tex. App.-- Tyler 1996, no pet.); see also
Powell v. State, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994); McFarland v. State, 845 S.W.2d
824, 842 (Tex. Crim. App. 1992); Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). Furthermore, from this record we are unable either to identify the fruits of the allegedly
unlawful arrest or to determine whether the State somehow used unlawfully obtained evidence. 
See Gonzales v. State, 977 S.W.2d 189, 191 (Tex. App.--Austin 1998, pet. ref'd). Appellant's
point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Smith, Yeakel and Dally*

Affirmed

Filed: June 15, 2000

Do Not Publish























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998). 



 offense of operating a motor vehicle in a public place while
intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West Supp. 2000). The trial court assessed
appellant's punishment at confinement in the county jail for 180 days and a fine of $2,000. 
Imposition of sentence was suspended, and appellant was granted community supervision for a
period of twenty-four months, and $1,200 of the fine was probated. The judgment will be
affirmed.

 Appellant asserts that the issue presented is "[w]hether the arresting officer had
probable cause or other permissible reason to make the initial stop of King." This issue was
raised by a pretrial motion to suppress evidence. The record is composed of the clerk's record
and the reporter's record of the hearing of the motion to suppress. The record does not include
a reporter's record of the bench trial at which appellant entered her nolo contendere plea. At the
conclusion of the suppression hearing, the trial court ruled that appellant's statement to the
arresting officer that she had had a couple of glasses of wine would be suppressed. This ruling,
favorable to appellant, was followed by the court's statement that "we will carry the motion
regarding the remainder of the evidence to the next setting." 

 The record fails to show that the trial court ever ruled on the admissibility of the
remainder of the challenged evidence. Further, in the absence of a reporter's record of trial, the
record fails to show whether appellant objected to the admission of any evidence alleged to have
been unlawfully obtained. Because the record does not show that the trial court ruled on the
admissibility of the allegedly unlawfully obtained evidence, either on the hearing of the motion
to suppress or the trial of the cause, nothing is presented for review. See Garcia v. State, 887
S.W.2d 862, 871 (Tex. Crim. App. 1994); Martinez v. State, 867 S.W.2d 30, 33 (Tex. Crim.
App. 1993); Darty v. State, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); Dunavin v. State, 611
S.W.2d 91, 94-97 (Tex. Crim. App. 1981); Hepner v. State, 966 S.W.2d 153, 159-60 (Tex.
App.--Austin 1998, no pet.); Tuffiash v. State, 948 S.W.2d 873, 876 (Tex. App.--San Antonio
1997, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 855 (Tex. App.-- Tyler 1996, no pet.); see also
Powell v. State, 897 S.W.2d 307, 310 (Tex. Crim. App. 1994); McFarland v. State, 845 S.W.2d
824, 842 (Tex. Crim. App. 1992); Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). Furthermore, from this record we are unable either to identify the fruits of the allegedly
unlawful arrest or to determine whether the State somehow used unlawfully obtained evidence. 
See Gonzales v. State, 977 S.W.2d 189, 191 (Tex. App.--Austin 1998, pet. ref'd). Appellant's
point of error is overruled.

 The judgment is affirmed.