TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00105-CR







Cary Barrs, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 56,488, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







Appellant Cary Barrs pleaded guilty to possessing four ounces or less of marihuana. 
See Tex. Health & Safety Code Ann. § 481.121(a), (b)(2) (West Supp. 2000). The court adjudged
appellant guilty and assessed punishment at incarceration for one year and a $500 fine, but
suspended imposition of sentence and placed appellant on community supervision. By two points
of error, appellant contends the court erred by overruling his motion to suppress evidence. We
will affirm.

A warrant to search appellant's residence was issued and executed on August 16,
1999. The probable cause affidavit supporting the warrant was prepared by San Marcos Police
Officer Terry Nichols. According to the affidavit, a confidential informer told Nichols on August
16 that he had been inside appellant's residence within the previous 48 hours and had seen
marihuana plants growing there. Acting on this information, Nichols went to appellant's
residence with two other officers. The affidavit goes on:


Affiant knocked on the door and the door was answered by a subject talking on a
cordless phone. When the subject opened the door, Affiant stood directly in the
open doorway and detected an odor of fresh marijuana coming from inside the
residence. Affiant recognized the odor as freshly cut marijuana or growing
marijuana based on Affiant's training and experience. Affiant introduced himself
to the subject who answered the door and asked to speak with him inside the
residence. The subject refused and walked outside, quickly shutting the door
behind him. Affiant identified this subject as Cary Russell Barrs, W/M, 090776.


Affiant explained to Barrs why Detectives were at the residence. Affiant asked for
consent to search the residence and Barrs denied consent. While speaking with
Barrs, Affiant noticed that he was very nervous. His hands were visibly shaking
and he appeared very confused. The attached garage door for the residence was
open when Detectives arrived. While standing outside of the residence, Barrs
quickly pulled the garage door down so Detectives could not see into the garage. 
Also while standing outside the residence, Affiant observed empty plant pots and
potting soil which are items commonly used while growing marijuana.



Nichols was the only witness at the suppression hearing. His testimony conformed to the
affidavit.

A written stipulation of evidence was also admitted at the hearing. The stipulation
states:


The confidential informant referred to in the search warrant affidavit . . . and
search warrant . . . for the search of the residence of Cary Barrs did illegally enter
the habitation for the said Cary Barrs by entering said habitation without the
effective consent of the owner, and said observations by the confidential informant
were made subsequent to this illegal entry.



The record contains no other evidence describing the informer's actions. 

Nichols testified that the informer had offered to provide information to the police
in exchange for favorable treatment after being arrested for a drug offense. Nichols said he told
the informer that any assistance he provided would be taken into consideration, but "I never sent
this person out on a mission saying, 'Go to this person's house and see what you can see. Go to
this person's house and buy drugs.' Nothing like that was ever established." Nichols added,
"What I requested was that he keep his eyes open and tell me what he hears." Nichols also
testified, "I did not order him to go criminally trespass, no law enforcement officer ordered him
to go criminally trespass anywhere." There is no evidence that Nichols or any other police officer
knew how the informer acquired his information prior to obtaining and executing the search
warrant. Nichols acknowledged that he would not have gone to appellant's residence had it not
been for the information he received from the informer. 

Appellant relies on the Texas statutory exclusionary rule, which provides:


No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.



See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2000). "[T]he unlawful or
unconstitutional actions of all people, governmental and private alike, fall under the purview of
Texas' exclusionary rule." State v. Johnson, 939 S.W.2d 586, 587 (Tex. Crim. App. 1996). 
Appellant urges that the trial court should have granted his motion to suppress because (1) "the
confidential informant criminally trespassed into the habitation of the appellant in violation of
article 38.23," and (2) "the subsequent search warrant issued as a result of the confidential
informant's violation of article 38.23." Appellant argues that the search warrant was "the fruit
of the poisonous tree of the confidential informant's illegal action." See Wong Sun v. United
States, 371 U.S. 471, 487-88 (1963). 

Appellate courts must use a two-step inquiry when deciding whether to address the
merits of a claim regarding the denial of a motion to suppress evidence prior to a guilty plea.


First, the appellate court must identify "the fruits" that the trial court held would
not be suppressed. Second, the appellate court must determine that these fruits
have "somehow been used" by the State. If it is not clear from the testimony and
exhibits what "the fruits" are, then the appellate court need not address the merits
of the claim. Likewise, if the fruits have not "somehow been used" by the State,
then the appellate court need not address the merits of the claim.



Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (citations omitted). An
appellate court need not address the merits of a suppression claim absent a showing "that
particular evidence the accused maintains should have been suppressed . . . would in any measure
inculpate the accused." Id. at 523 (quoting Kraft v. State, 762 S.W.2d 612, 615 (Tex. Crim.
App. 1988). "Without some such demonstration in the record, we are left to determine
academically" whether the challenged seizure was unlawful. McGlynn v. State, 704 S.W.2d 18,
20 (Tex. Crim. App. 1986). 

In McGlynn, the defendant pleaded guilty to possession of a controlled substance
after the trial court overruled her motion to suppress pills seized incident to her arrest. The court
declined to review the propriety of the arrest and search because there was no showing that the
pills in question were a controlled substance. See id. In Gonzales v. State, 977 S.W.2d 189, 190
(Tex. App.--Austin 1998, pet. ref'd) (op. on remand), the defendant pleaded guilty to driving while
intoxicated after the trial court overruled his motion to suppress a blood test. We refused to
decide whether the seizure of the defendant's blood was unlawful because there was no showing
that the blood was analyzed, or that the analysis revealed incriminating evidence. See id. 

The only evidence before us is the record from the suppression hearing. While the
record reflects that a search warrant was obtained and executed, Officer Nichols was not asked,
and there is no other evidence showing, what was seized during the search. Appellant asserts in
his brief that the search resulted in the seizure of the marihuana for which he was prosecuted, but
appellant's brief is not evidence. See Garrett v. State, 566 S.W.2d 605, 608-09 (Tex. Crim. App.
1978). That appellant was indicted for possession of marihuana is also not evidence. See
Gonzales, 977 S.W.2d at 190. The record does not establish that the evidence appellant sought
to suppress was in any way inculpatory. We refuse to assume that inculpatory evidence was
seized while executing the challenged warrant. 

The written stipulation does not clearly establish a violation of the criminal trespass
statute. See Tex. Penal Code Ann. § 30.05 (West Supp. 2000). That statute proscribes entry onto
the property of another without effective consent only if the actor had notice that entry was
forbidden. See id. § 30.05(a)(1). The stipulation does not state that the informer had notice that
entry into appellant's residence was forbidden. A "civil" or "common law" trespass does not
amount to a violation of the law for the purposes of article 38.23(a). See Crowell v. State, 180
S.W.2d 343, 347 (Tex. Crim. App. 1944); Carroll v. State, 911 S.W.2d 210, 221 (Tex.
App.--Austin 1995, no pet.).

Finally, the evidence seized during the search of appellant's residence was not
obtained by the informer during his improper entry into appellant's residence. In Carroll, a
rancher went onto neighboring property belonging to the defendant to recover some stray sheep. 
See Carroll, 911 S.W.2d at 215. While there, he saw marihuana plants growing. See id. The
rancher went to the police who, based on his information, obtained a search warrant. See id. at
216. The defendant sought to suppress the evidence seized during the execution of the warrant
on the ground that the rancher was trespassing when he saw the marihuana. This Court concluded
that the rancher did not "obtain" evidence within the meaning of article 38.23(a) by observing the
the marihuana plants while on the defendant's property. See id. at 220-21; see also 40 George
E. Dix and Robert O. Dawson, Criminal Practice and Procedure § 4.56a (Texas Practice Supp.
2000) ("Perhaps the precise language of article 38.23 requires that the conduct of the person
obtaining the evidence constitute a violation of the triggering legal requirement at the very
moment that person 'obtained' the evidence. If the illegality ended prior to the obtaining of the
evidence . . . the admissibility of the evidence is not affected by the illegality.")

For the reasons stated, the points of error are overruled and the judgment of
conviction is affirmed.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish



erits of the claim.



Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (citations omitted). An
appellate court need not address the merits of a suppression claim absent a showing "that
particular evidence the accused maintains should have been suppressed . . . would in any measure
inculpate the accused." Id. at 523 (quoting Kraft v. State, 762 S.W.2d 612, 615 (Tex. Crim.
App. 1988). "Without some such demonstration in the record, we are left to determine
academically" whether the challenged seizure was unlawful. McGlynn v. State, 704 S.W.2d 18,
20 (Tex. Crim. App. 1986). 

In McGlynn, the defendant pleaded guilty to possession of a controlled substance
after the trial court overruled her motion to suppress pills seized incident to her arrest. The court
declined to review the propriety of the arrest and search because there was no showing that the
pills in question were a controlled substance. See id. In Gonzales v. State, 977 S.W.2d 189, 190
(Tex. App.--Austin 1998, pet. ref'd) (op. on remand), the defendant pleaded guilty to driving while
intoxicated after the trial court overruled his motion to suppress a blood test. We refused to
decide whether the seizure of the defendant's blood was unlawful because there was no showing
that the blood was analyzed, or that the analysis revealed incriminating evidence. See id. 

The only evidence before us is the record from the suppression hearing. While the
record reflects that a search warrant was obtained and executed, Officer Nichols was not asked,
and there is no other evidence showing, what was seized during the search. Appellant asserts in
his brief that the search resulted in the seizure of the marihuana for which he was prosecuted, but
appellant's brief is not evidence. See Garrett v. State, 566 S.W.2d 605, 608-09 (Tex. Crim. App.
1978). That appellant was indicted for possession of marihuana is also not evidence. See
Gonzales, 977 S.W.2d at 190. The record does not establish that the evidence appellant sought
to suppress was in any way inculpatory. We refuse to assume that inculpatory evidence was
seized while executing the challenged warrant. 

The written stipulation does not clearly establish a violation of the criminal tre