# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00532-CR

### Gilberto Alvarez, Jr., Appellant

### v.

### The State of Texas, Appellee

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2000CR0211, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

Appellant Gilberto Alvarez, Jr. entered a *nolo contendere* plea and was convicted of the misdemeanor offense of operating a motor vehicle in a public place while intoxicated. *See* Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2002). Accepting and following a plea bargain agreement, the trial court assessed appellant's punishment at confinement in the county jail for ninety days, probated for one year, and a fine of $800. In his sole point of error, appellant asserts that the trial court erred in denying his motion to suppress blood test evidence because the blood test results were unlawfully obtained in violation of his Fourth Amendment rights. We will affirm the judgment.

At the hearing on the motion to suppress, no testimony, exhibits, documentary evidence, stipulations, or other evidence was offered or admitted. The hearing record shows only a colloquy between counsel and the trial court discussing law applicable to facts *assumed* but not in

evidence.[1]  From the record, we cannot identify the fruits of the alleged unlawful search and seizure; because we are unable to identify the fruits of the alleged search and seizure, we are unable to determine from the record that the alleged fruits were somehow used by the State.  *See Gonzales v. State*, 977 S.W.2d 189, 189-91 (Tex. App.—Austin 1998, pet. ref'd).  The record in this case is more deficient than the record in *Gonzales*.  We are not authorized to speculate on what evidence the record might have shown.  "[I]f it is not clear from the testimony and exhibits what 'the fruits' are, then the appellate court need not address the merits of the claim.  Likewise, if the fruits have not 'somehow been used' by the State, then the appellate court need not address the merits of the claim."  *Gonzales v. State*, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998); *see McGlynn v. State*, 704 S.W.2d 18, 20-21 (Tex. Crim. App. 1982).  On the record before us, it has not been shown that the trial court abused its discretion in denying appellant's motion to suppress.

---

[1]  Counsel asked the trial court to take judicial notice of a subpoena, issued at the State's request, requiring the custodian of the hospital records to produce the record of appellant's blood test result.  Counsel also asked the court to take judicial notice of the State's notice to appellant's counsel of the filing of the hospital records, authenticated by the affidavit of the custodian of the records and the State's intention to offer these documents in evidence. These documents are in the clerk's record, but were not offered or admitted in evidence.  "Judicial notice" is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact" such as "water freezes at 32 degrees Fahrenheit." *Blacks Law Dictionary* 851 (7th ed. 1999). "The theory of judicial notice is that a fact well known by all reasonably intelligent people in the community or its existence is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof." *Holloway v. State*, 666 S.W.2d 104, 108 (Tex. Crim. App. 1984).  "Of course a trial court may take judicial notice of its own orders, records, and judgments."  *Wilson v. State*, 677 S.W.2d 518, 523 (Tex. Crim. App. 1984).  However, the facts necessary to support a motion to suppress evidence are not facts that a trial court can judicially notice.  The record must contain evidence to support a claim made in a motion to suppress. *See Gonzales v. State*, 977 S.W.2d 189, 189-91 (Tex. App.—Austin 1998, pet. ref'd).

Even if we could consider the facts not proved but those *assumed* during the suppression hearing and on appeal, appellant's point of error is without merit. The facts assumed were that appellant was involved in an automobile collision and taken to a hospital for the treatment of his injuries. At the hospital, two separate blood samples were drawn from appellant. The first sample was drawn without the appellant's consent at the request of a New Braunfels police officer. That blood sample was analyzed by the Texas Department of Safety Crime Laboratory. The trial court suppressed evidence of the result of that test.

However, a second sample of appellant's blood was drawn at the hospital. Appellant says in his brief that "[t]his sample was drawn for routine medical purposes and with the consent of Appellant. During the course of treating Appellant, the hospital tested that sample for alcohol content. This test showed an alcohol content of approximately 0.26, over the legal limit of 0.08." The trial court denied appellant's motion to suppress the test result of the blood sample drawn for medical purposes. Appellant argues that the result of the test made for medical purposes should have been suppressed also because the State obtained the result of this test "without first securing either appellant's consent or a valid search warrant."

Appellant's counsel, in argument on the motion to suppress and in his brief on appeal, recognizes that the facts in this case are quite similar to those in *State v. Hardy*, 963 S.W.2d 516 (Tex. Crim. App. 1997). In *Hardy*, the Court of Criminal Appeals held:

> We express no opinion concerning whether society recognizes a reasonable expectation of privacy in medical records in general, or whether there are particular situations in which such an expectation might exist. We note only that, given the authorities discussed, whatever interests society may have in safeguarding the privacy of medical records, they are not sufficiently strong to require protection of blood-

3

alcohol test results from tests taken by hospital personnel solely for medical purposes after a traffic accident.

*Id*. at 527.

However, appellant argues that a late Supreme Court "ruling directly contradicts prior Texas case law concerning a person's expectation of privacy in medical records." He cites *Ferguson v. City of Charleston*, 532 U.S. 67 (2001). The facts in *Ferguson* are distinguishable from *Hardy* and from this case. The issue in *Ferguson* was framed by Justice Stevens in the opinion written for the majority:

> In this case, we must decide whether a state hospital's performance of a diagnostic test to obtain evidence of a patient's criminal conduct for law enforcement purposes is an unreasonable search if the patient has not consented to the procedure. More narrowly, the question is whether the interest in using the threat of criminal sanctions to deter pregnant women from using cocaine can justify a departure from the general rule that an official nonconsensual search is unconstitutional if not authorized by a valid warrant.

*Id*. at 69.

In *Ferguson*, staff members of a state medical training hospital, concerned about the increasing use of cocaine by women receiving prenatal care, developed a written policy for obtaining evidence to prosecute the women who bore children that tested positive for drugs at birth. Hospital representatives, police, and local officials devised the procedures to be followed. These procedures provided a plan to identify and test pregnant patients suspected of drug use without their knowledge or consent. The plan (1) required that a chain of custody be followed when obtaining and testing

4

patients' urine samples, (2) contained police procedures and criteria for arresting patients who tested positive, and (3) encouraged prosecution for drug offenses and child neglect. *Id.* at 70-73.

The Supreme Court held that a state hospital's performance of diagnostic tests to obtain evidence of a patient's criminal conduct for law enforcement purposes was an unreasonable search if the patient had not consented to the procedure. *Id.* at 84-85. The interest in using the threat of criminal sanctions to deter pregnant women from using cocaine could not justify a departure from the general rule that an official nonconsensual search is unconstitutional if not authorized by a valid warrant. *Id.*

The facts in *Ferguson* are quite different from the unproven but assumed facts in this case. Under the record before us, we need not reach the merits of appellant's claim. However, even if the assumed facts were properly in evidence for our consideration, *Hardy* would be controlling. Appellant's point of error is overruled.

The judgment is affirmed.

_____

_____  Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Yeakel and Dally[*]

Affirmed

Filed: March 28, 2002

Do Not Publish

*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).