# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00070-CR

**James W. Knight, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. 632,326, HONORABLE JAN BRELAND, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James Knight was charged by information with the class B misdemeanor offense of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). After his motion to suppress was denied, he entered into a plea agreement with the State. In two issues, he appeals the trial court's denial of his motion to suppress the results of his breath tests. We will affirm the judgment of conviction.

## BACKGROUND

The parties stipulated to the following facts. On January 24, 2003, at approximately 2:51 a.m., Department of Public Safety trooper Mike Reisen initiated a traffic stop that resulted in Knight's arrest. Knight initially told Reisen that he had consumed two beers. After taking the field

sobriety tests, however, Knight admitted that he had consumed two beers as well as a rum and coke mixed drink. Although Knight told Reisen that he had last eaten at approximately 7 p.m., Reisen did not determine what time the first or last drink was consumed or over what period of time Knight had been drinking. Reisen was also not aware of the pattern in which the drinks had been consumed or the type and quantity of food that Knight had consumed. Reisen performed a breath test of Knight at approximately 3:56 a.m. in which Knight's blood alcohol content was 0.108. In another breath test performed at 3:59 a.m., Knight's blood alcohol content was 0.102. Although Reisen did not know Knight's weight on the date of arrest, Knight's driver's license stated that he weighed 160 pounds at the time of the issuance of the license.[1]

Knight was arrested and charged with driving while intoxicated. The State alleged that he was intoxicated under both definitions of intoxication: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol; and (B) having an alcohol concentration of 0.08 or more. *See id*. § 49.01 (West 2003).

Knight filed a motion to suppress "the results of the breath test and its admission into evidence in the State's case in chief because the State is unable to provide sufficient reliable and supporting evidence of the Defendant's alcohol level at the time of driving." Alvin Weathermon, a senior forensic chemist for the Austin Police Department, conducted a retrograde extrapolation analysis to determine Knight's blood-alcohol level at the time he was driving.[2] Weathermon then

---

[1] There is no evidence in the record regarding when the license was issued.

[2] Retrograde extrapolation is the computation back in time of the blood-alcohol level—the estimation of the level at the time of driving based on a test result from some later time. *Mata v. State*, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001). Due to the fact that tests revealing a defendant's blood-alcohol level are taken at some point after the defendant was driving, prosecutors

testified at the suppression hearing about how he conducted his tests and what factors he used. However, Weathermon never articulated the results of the test and did not give an opinion regarding whether Knight was legally intoxicated at the time he was driving.

The trial court denied Knight's motion to suppress and, pursuant to a plea agreement, Knight pleaded guilty. He was sentenced to 120 days' confinement and a fine of $1,400. Imposition of the sentence was suspended and Knight was placed on community supervision for eighteen months. This appeal followed.

## DISCUSSION

**Standard of review**

When we review a trial court's ruling on a motion to suppress, we give great deference to the court's determination of historical facts while reviewing its application of the law *de novo*. *Maxwell*, 73 S.W.3d at 281. We review the ruling on a motion to suppress evidence for an abuse of discretion. *Swain v. State*, No. AP-74,854, 2005 Tex. Crim. App. LEXIS 1864, at *12 (Tex. Crim. App. Nov. 2, 2005) (citing *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)). Because no findings of fact were filed in this case, we view the evidence in a light most

sometimes use retrograde extrapolation testimony to prove that the defendant was actually driving *while* he was intoxicated.

The court of criminal appeals has discussed in great detail how alcohol is absorbed into and eliminated from the blood stream. *See id.* at 909-11. "If a driver is tested while in the absorption phase, his BAC [blood-alcohol content] at the time of the test will be higher than his BAC while driving. If tested while in the elimination phase, his BAC at the time of the test could be lower than while driving, depending on whether he had reached his peak before or after he was stopped. Obviously, the greater the length of time between the driving and the test, the greater the potential variation between the two BACs." *See id.*

3

favorable to the trial court's ruling and assume that the court made implicit findings of fact that support its ruling, as long as the findings are supported by the record. *See Swain*, 2005 Tex. Crim. App. LEXIS 1864, at *12; *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

**Application**

Knight's motion to suppress only challenges the admissibility of his breath test results. However, his challenge to their admissibility is two-fold. First, he argues that Weathermon's retrograde extrapolation testimony was unreliable because Weathermon lacked sufficient information to conduct a scientifically accurate test. Next, he argues that reliable retrograde extrapolation testimony was necessary to support the admissibility of the breath tests. For convenience, we will first consider Knight's second argument—that without retrograde extrapolation testimony, his breath test results were inadmissible and should have been suppressed.

Breath test results that reveal a defendant's intoxication level tend to make it more probable that the defendant was intoxicated at the time he drove under either definition of intoxication, *see* Tex. Pen. Code Ann. § 49.04, because they provide evidence that he had consumed alcohol. *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004). Knight argues that "contrary to the court of criminal appeals decision in *Stewart*, retrograde extrapolation evidence is an indispensable and necessary part of the relevancy of breath test results" and that the facts in his case are distinguishable from those in *Stewart*. We disagree.

In *Stewart*, the court noted that

> [t]he admission of the breath test results did not necessarily encourage the jury to engage in its own crude retrograde extrapolation because the jury did not need to

4

establish Stewart's exact blood alcohol concentration at the time that she drove. The jury only needed to believe beyond a reasonable doubt that either her blood alcohol concentration was 0.10 or more, or that she failed to have the normal use of her mental or physical facilities by reason of introduction of alcohol into her body, at the time she drove. The breath test results were properly admitted evidence to consider with all of the other evidence of intoxication to determine if Stewart was intoxicated at the time she drove.

*Id*. at 97. Knight argues that "giving the trier of fact specific test results that cannot be linked back to the relevant point in time is far different than telling the trier of fact that a breath test showed that the accused had consumed alcohol." However, we are bound by the court's holding in *Stewart* that retrograde extrapolation testimony is not required to render breath tests admissible. *See id*. at 97-98; *see also Mechler v. State*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (analyzing admissibility of intoxilyzer results under rule of evidence 403). Furthermore, Knight's allegation that there were more facts surrounding Stewart's intoxication than are present in Knight's case does not render the results of his breath tests inadmissible. The trial court did not abuse its discretion in denying the motion to suppress. We overrule Knight's second issue.

In his first issue, Knight argues that the retrograde extrapolation testimony should have been suppressed because Weathermon did not have sufficient information to reliably conduct a retrograde extrapolation. As we have already discussed, under *Stewart*, retrograde extrapolation testimony is not necessary to render the breath tests admissible. *Stewart*, 129 S.W.3d at 97-98. Furthermore, Weathermon did not testify that Knight was intoxicated at the time he drove or otherwise reveal any results of Weathermon's analysis of Knight's blood alcohol level. There is no evidence in the record that Weathermon's testimony would have supported a finding that Knight was intoxicated. Therefore, Knight has failed to demonstrate that Weathermon's testimony, even if it

5

was unreliable, would have prejudiced him. *See Gonzales v. State*, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998) (if record does not demonstrate that evidence sought to be suppressed has "somehow been used" by the State, appellate court need not address merits of claim); *see also Gonzales v. State*, 977 S.W.2d 189, 190-91 (Tex. App.—Austin 1998, pet. ref'd) (record did not show that results of analysis revealed incriminating evidence). We overrule Knight's first issue.

## CONCLUSION

Having overruled Knight's issues, we affirm the judgment of conviction.

_____

W. Kenneth Law, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: February 2, 2006

Do Not Publish