TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00070-CR






James W. Knight, Appellant


v.


The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY

NO. 632,326, HONORABLE JAN BRELAND, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant James Knight was charged by information with the class B misdemeanor
offense of driving while intoxicated. See Tex. Pen. Code Ann. § 49.04 (West 2003). After his
motion to suppress was denied, he entered into a plea agreement with the State. In two issues, he
appeals the trial court's denial of his motion to suppress the results of his breath tests. We will
affirm the judgment of conviction.


BACKGROUND


 The parties stipulated to the following facts. On January 24, 2003, at approximately
2:51 a.m., Department of Public Safety trooper Mike Reisen initiated a traffic stop that resulted in
Knight's arrest. Knight initially told Reisen that he had consumed two beers. After taking the field
sobriety tests, however, Knight admitted that he had consumed two beers as well as a rum and coke
mixed drink. Although Knight told Reisen that he had last eaten at approximately 7 p.m., Reisen
did not determine what time the first or last drink was consumed or over what period of time Knight
had been drinking. Reisen was also not aware of the pattern in which the drinks had been consumed
or the type and quantity of food that Knight had consumed. Reisen performed a breath test of Knight
at approximately 3:56 a.m. in which Knight's blood alcohol content was 0.108. In another breath
test performed at 3:59 a.m., Knight's blood alcohol content was 0.102. Although Reisen did not
know Knight's weight on the date of arrest, Knight's driver's license stated that he weighed 160
pounds at the time of the issuance of the license. (1)

 Knight was arrested and charged with driving while intoxicated. The State alleged
that he was intoxicated under both definitions of intoxication: (A) not having the normal use of
mental or physical faculties by reason of the introduction of alcohol; and (B) having an alcohol
concentration of 0.08 or more. See id. § 49.01 (West 2003). 

 Knight filed a motion to suppress "the results of the breath test and its admission into
evidence in the State's case in chief because the State is unable to provide sufficient reliable and
supporting evidence of the Defendant's alcohol level at the time of driving." Alvin Weathermon,
a senior forensic chemist for the Austin Police Department, conducted a retrograde extrapolation
analysis to determine Knight's blood-alcohol level at the time he was driving. (2) Weathermon then
testified at the suppression hearing about how he conducted his tests and what factors he used. 
However, Weathermon never articulated the results of the test and did not give an opinion regarding
whether Knight was legally intoxicated at the time he was driving.

 The trial court denied Knight's motion to suppress and, pursuant to a plea agreement,
Knight pleaded guilty. He was sentenced to 120 days' confinement and a fine of $1,400. Imposition
of the sentence was suspended and Knight was placed on community supervision for eighteen
months. This appeal followed.


DISCUSSION


Standard of review

 When we review a trial court's ruling on a motion to suppress, we give great
deference to the court's determination of historical facts while reviewing its application of the law
de novo. Maxwell, 73 S.W.3d at 281. We review the ruling on a motion to suppress evidence for
an abuse of discretion. Swain v. State, No. AP-74,854, 2005 Tex. Crim. App. LEXIS 1864, at *12
(Tex. Crim. App. Nov. 2, 2005) (citing Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App.
2002)). Because no findings of fact were filed in this case, we view the evidence in a light most
favorable to the trial court's ruling and assume that the court made implicit findings of fact that
support its ruling, as long as the findings are supported by the record. See Swain, 2005 Tex. Crim.
App. LEXIS 1864, at *12; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).


Application

 Knight's motion to suppress only challenges the admissibility of his breath test
results. However, his challenge to their admissibility is two-fold. First, he argues that
Weathermon's retrograde extrapolation testimony was unreliable because Weathermon lacked
sufficient information to conduct a scientifically accurate test. Next, he argues that reliable
retrograde extrapolation testimony was necessary to support the admissibility of the breath tests. For
convenience, we will first consider Knight's second argument--that without retrograde extrapolation
testimony, his breath test results were inadmissible and should have been suppressed. 

 Breath test results that reveal a defendant's intoxication level tend to make it more
probable that the defendant was intoxicated at the time he drove under either definition of
intoxication, see Tex. Pen. Code Ann. § 49.04, because they provide evidence that he had consumed
alcohol. Stewart v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004). Knight argues that "contrary
to the court of criminal appeals decision in Stewart, retrograde extrapolation evidence is an
indispensable and necessary part of the relevancy of breath test results" and that the facts in his case
are distinguishable from those in Stewart. We disagree.

 In Stewart, the court noted that 


[t]he admission of the breath test results did not necessarily encourage the jury to
engage in its own crude retrograde extrapolation because the jury did not need to
establish Stewart's exact blood alcohol concentration at the time that she drove. The
jury only needed to believe beyond a reasonable doubt that either her blood alcohol
concentration was 0.10 or more, or that she failed to have the normal use of her
mental or physical facilities by reason of introduction of alcohol into her body, at the
time she drove. The breath test results were properly admitted evidence to consider
with all of the other evidence of intoxication to determine if Stewart was intoxicated
at the time she drove.



Id. at 97. Knight argues that "giving the trier of fact specific test results that cannot be linked back
to the relevant point in time is far different than telling the trier of fact that a breath test showed that
the accused had consumed alcohol." However, we are bound by the court's holding in Stewart that
retrograde extrapolation testimony is not required to render breath tests admissible. See id. at 97-98;
see also Mechler v. State, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (analyzing admissibility of
intoxilyzer results under rule of evidence 403). Furthermore, Knight's allegation that there were
more facts surrounding Stewart's intoxication than are present in Knight's case does not render the
results of his breath tests inadmissible. The trial court did not abuse its discretion in denying the
motion to suppress. We overrule Knight's second issue.

 In his first issue, Knight argues that the retrograde extrapolation testimony should
have been suppressed because Weathermon did not have sufficient information to reliably conduct
a retrograde extrapolation. As we have already discussed, under Stewart, retrograde extrapolation
testimony is not necessary to render the breath tests admissible. Stewart, 129 S.W.3d at 97-98. 
Furthermore, Weathermon did not testify that Knight was intoxicated at the time he drove or
otherwise reveal any results of Weathermon's analysis of Knight's blood alcohol level. There is no
evidence in the record that Weathermon's testimony would have supported a finding that Knight was
intoxicated. Therefore, Knight has failed to demonstrate that Weathermon's testimony, even if it
was unreliable, would have prejudiced him. See Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim.
App. 1998) (if record does not demonstrate that evidence sought to be suppressed has "somehow
been used" by the State, appellate court need not address merits of claim); see also Gonzales v. State,
977 S.W.2d 189, 190-91 (Tex. App.--Austin 1998, pet. ref'd) (record did not show that results of
analysis revealed incriminating evidence). We overrule Knight's first issue.


CONCLUSION


 Having overruled Knight's issues, we affirm the judgment of conviction. 



 

 W. Kenneth Law, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: February 2, 2006

Do Not Publish

1. There is no evidence in the record regarding when the license was issued. 
2. Retrograde extrapolation is the computation back in time of the blood-alcohol level--the
estimation of the level at the time of driving based on a test result from some later time. Mata v.
State, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001). Due to the fact that tests revealing a
defendant's blood-alcohol level are taken at some point after the defendant was driving, prosecutors
sometimes use retrograde extrapolation testimony to prove that the defendant was actually driving
while he was intoxicated.


 The court of criminal appeals has discussed in great detail how alcohol is absorbed into and
eliminated from the blood stream. See id. at 909-11. "If a driver is tested while in the absorption
phase, his BAC [blood-alcohol content] at the time of the test will be higher than his BAC while
driving. If tested while in the elimination phase, his BAC at the time of the test could be lower than
while driving, depending on whether he had reached his peak before or after he was stopped. 
Obviously, the greater the length of time between the driving and the test, the greater the potential
variation between the two BACs." See id.