**Donna Louise McGLYNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67435.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1982.

Rehearing Denied Feb. 26, 1986.

Donald G. Davis, Dallas, for appellant.

Henry Wade, Dist. Atty., and Karen Chilton Beverly, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission a Court Panel found that a warrantless search of the purse appellant had been carrying, incident to her arrest for aggravated assault on the officer who later conducted the search, did not offend the Fourth Amendment. However, it held constitutionally impermissible his opening "a normal prescription bottle" and seizing the variety of pills contained in the bottle. Both the affected District Attorney and the State Prosecuting Attorney were granted leave to file respective motions for rehearing directing to the latter holding. For reasons about to be given, we must grant the motion of the District Attorney, rendering moot the motion by the State Prosecuting Attorney. The panel opinion is, accordingly, withdrawn.

On her plea of guilty before the court appellant was found guilty of possessing a controlled substance, methylphenidate, and punishment was assessed at confinement for one day and a fine of $300. She had been arrested for aggravated assault shortly before midnight January 9, 1980;[1] a complaint and an information, both dated January 11, 1980 and filed January 14,

---

1. From a bail bond dated January 10, 1980, and stamped January 11, 1980, it appears that appellant was released from detention before a warrant for her arrest for the instant offense reached the Sheriff January 14; his return reports that appellant was arrested on that warrant January 23, 1980. The point we infer is that she was originally booked into jail on only the aggravated assault charge, the arresting offi-

1980, allege that she committed the controlled substance offense "on or about January 9, 1980."

May 30, 1980, a hearing was held on appellant's motion to suppress evidence of "a quantity of a substance *alleged* to be methylphenidate,"[2] seized during a search of her purse. The arresting officer was the only witness, and his testimony is confined to what occurred in a parking lot of Houlihans, where the arrest and search took place. The peace officer conceded then that he could not tell whether the pills he seized were controlled substances. Taking the matter under advisement, the judge later denied appellant's motion.

July 11, 1980, the court called the instant case for trial and, after preliminary formalities were taken care of, stated: "This is a plea, subject to the court's rulings on a motion to suppress... [T]he defendant is entering a plea, taking exception to and without waiving any ... rights which she possesses" under the Fourth Amendment and Article I, § 9 of the Bill of Rights. Appellant was sworn to tell the truth, confirmed an understanding of the charge that was read to her and entered her plea of guilty. There were no witnesses. While appellant's attorney later included in his designation of the record on appeal a "stipulation of evidence," we have not found it and neither party refers to it.[3] In short, there is no evidence in this record that the methylphenidate appellant pleaded guilty to possessing is that which the arresting officer seized from the prescription bottle in her purse on the night in question.

At the conclusion of the guilty plea hearing the trial court accepted her plea and,

"pursuant to the plea bargain agreement," assessed punishment. The judge further had the record reflect that prior to the hearing attorney for appellant had given notice that "the matter with regard to search and seizure would be appealed," and accordingly noted that "notice of appeal is given to the Court of Criminal Appeals," and that the court was permitting an appeal *in forma pauperis.*

There can be no question about the jurisdiction of this Court under Article 44.02, V.A.C.C.P. *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981); *Craven v. State,* 613 S.W.2d 488, 489 (Tex.Cr.App.1981); *Mitchell v. State,* 586 S.W.2d 491, 496 (Tex.Cr.App.1979). But there is a serious question presented under the reconciliation of several related principles of law fashioned by the Court in *Ferguson v. State,* 571 S.W.2d 908[4] (Tex.Cr.App.1978) and applied to a plea of guilty, followed by a judicial confession, in a case involving a *felony* offense. See generally *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979).

Since the rule reiterated in *Brown v. State,* 507 S.W.2d 235, 238[5] (Tex.Cr.App. 1974) "does not apply to an appeal from a misdemeanor guilty plea that challenges the ruling on such a pretrial motion," *Isam v. State,* 582 S.W.2d 441, 444 (Tex.Cr.App. 1979), so that the Court has *jurisdiction* to decide whether the trial court erred in overruling appellant's pretrial motion to suppress, *Isam, ibid.,* the question is what must the record show about the "evidence" the trial court found was admissible, but which was not actually admitted, in order for an appellate court to exercise its juris-

---

cer not then sure enough that the pills he had seized were controlled substances.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. Under Article 27.14, V.A.C.C.P., of course, introduction of evidence showing commission of a misdemeanor offense is not necessary. *Brown v. State,* 507 S.W.2d 235, 238 (Tex.Cr.App.1974); *Albrecht v. State,* 424 S.W.2d 447 (Tex.Cr.App.1968).

4. "Where no evidence obtained as a result of a search is introduced in evidence, no error with respect to such search is presented for review. *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App. [1974])." *Ferguson, supra,* at 909.

5. "[W]here the plea of guilty in a misdemeanor case is before the court the trial court is not required to hear evidence on a plea of guilty. [Citations omitted.] It has been held that by such plea of guilty the defendant *admits every element of the offense charged.* [citations omitted.]"

diction to decide a ground of error that contends a search and seizure are invalid under the Fourth Amendment and Article I, § 9.

The answer to the question posed must be found in Article 44.02, supra, for *Isam* makes clear that in misdemeanor cases this Court will not permit frustration of salutary purposes of the statute, one of which is to encourage guilty pleas. *Mooney v. State,* 615 S.W.2d 776, 777 (Tex.Cr.App. 1981). Thus, notwithstanding a plea of guilty, when the conditions of Article 44.02 are satisfied—the key one being an implemented plea bargain [6]—an accused who has just been convicted of a misdemeanor offense on his plea of guilty alone still may appeal, *inter alia,* "on those matters which have been raised by written motion prior to trial," Article 44.02. Obviously, however, the appellate record will not contain a transcription of the notes of the court reporter reflecting *evidence* adduced at trial—only a record of *testimony* and, perhaps, exhibits prior elicited at the hearing on a pretrial motion to suppress, as in the case at bar. Accordingly, it is the record of germane testimony and exhibits, if any, perfected for and brought forward on appeal which will inform an appellate determination of the matter raised by written motion prior to trial—even though that record had not been admitted in some fashion as *evidence* at the guilty plea trial.[7]

In *Isam* this Court decided the single ground of error challenging the adverse ruling on motion to suppress, asserting that the arresting and searching officers did not have probable cause nor was it reasonable to conduct a search of the vehicle of the accused. We looked solely to the testimony at the hearing on the motion to suppress, that being the only record before the Court since both accused had pleaded guilty in that misdemeanor case.

The Court found that the patrolling officers had spotted the accused passing what seemed to be a marihuana cigarette, as one officer approached the vehicle he smelled the odor of marihuana and a search of the vehicle "disclosed several baggies of marihuana," *Isam,* at 444.

Here, unlike the clear showing in the record of *Isam* that the controlled substance seized was marihuana, the testimony of the arresting and searching officer does not inform us that the pills he seized from the prescription bottle in the purse of appellant were, or contained, a controlled substance. The officer candidly conceded he merely suspected one or more pills of "different colors" were contraband from his observation that there was "more than one type of substance" in the bottle. Even then the officer agreed that he had "no idea what kind of controlled substance" he was looking at, and seized. The testimonial record in this case simply does not show that anything the officer seized was methylphenidate, much more than it was the same methylphenidate, to which she pleaded guilty of possessing.

Without some such demonstration in the record, we are left to determine academically whether seizure of pills in a bottle found in the purse of appellant was violative of the Fourth Amendment and of Article I, § 9. But since the strictures of both are enforced through the Exclusionary Rule, "the issue is not the abstract propriety of the police conduct, but the admissibility against [appellant] of the evidence uncovered by the search and seizure," *Terry v. Ohio,* 392 U.S. 1, 12, 88 S.Ct. 1868, 1875, 20 L.Ed.2d 889 (1968). The dictum of Justice Holmes is still valid: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired

---

6. *Galitz v. State,* supra, at 951; *Velasquez v. State,* 608 S.W.2d 674 (Tex.Cr.App.1980); *Morgan v. State,* 608 S.W.2d 639, 641 (Tex.Cr.App. 1980); *Prochaska v. State,* supra, at 729.

7. In *Galitz,* for example, a transcript of an examining trial, admitted by stipulation during the trial on guilty pleas, was found to be evi-

dence that was "both a fruit of the contested search, and the only evidence which supplied proof of every element of the offense," and thus "appellant has preserved his right to have this Court determine the merits of his pretrial motion to suppress evidence in the felony case... Cf. *Isam,* supra," *id.,* at 956.

shall not be used before the Court but that it shall not be used at all." *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 388, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Yet unless and until we are confident about what fruits of a search have somehow been used, the Court need not decide whether the search was constitutionally permissible. For that reason we deny the motion for rehearing filed by the State Prosecuting Attorney.

The State's motion for rehearing filed by the District Attorney of Dallas County is granted and, finding no error, we affirm the judgment of conviction.

The judgment is affirmed.