Paul KRAFT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0685–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 19, 1986.

William C. Meyer, James E. Walker, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Joseph Salhab, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and DUNN, JJ.

## OPINION

DUNN, Justice.

Pursuant to a plea bargain agreement, appellant waived a jury trial, and on his plea of no contest, was convicted of driving while intoxicated. Punishment was assessed at confinement for 180 days, probated for two years, and a $400 fine. We reverse and remand.

After appellant was arrested for driving while intoxicated, he was taken to the police station where a videotape recording was made. At the beginning of the interview, appellant was informed of his rights as set out in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant stated that he wanted to call his lawyer and was given the opportunity to do so. While he was talking on the telephone, the police officer instructed appellant that his attorney could not come down to the police station. After completing the call, appellant asked the officer whether the ad-

vice he had received was correct, i.e., whether a bondsman could help get him out of jail. The officer responded that he could call a bondsman later, and proceeded with the interview.

Appellant was then asked to perform certain physical coordination tests. He refused to do some of these tests. Thereafter, the officer reminded appellant of his rights, and appellant responded that he understood. In response to the officer's questions, appellant then stated that he had been driving in a private parking lot, that he had taken some medication for nasal problems, that he had not had anything alcoholic to drink, and that he had had an accident.

In one ground of error, appellant contends that the trial judge erred in failing to suppress the audio portion of his DWI videotape where appellant was interrogated without counsel. The cases cited by appellant and the arguments in his brief rest on federal Fifth Amendment, not State constitutional or statutory grounds.

The State contends that appellant never invoked his right to counsel and that the objection made at trial does not comport with the objection on appeal. The State also argues that, prior to pleading no contest, appellant waived all of his State and federal rights, and that the trial judge is presumed to have disregarded any inadmissible evidence introduced during appellant's non-jury trial.

We first consider whether appellant has waived his ground of error. Appellant may challenge the adverse ruling on his pretrial written motion to suppress the audio portion of the videotape because he entered a plea pursuant to a plea bargain. *Isam v. State*, 582 S.W.2d 441 (Tex.Crim.App.1979); Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1979). However, the State argues that appellant's objection on appeal differs from his motion to suppress.

Appellant filed three motions to suppress. Each requested that the audio portion of the videotape be suppressed. None of the motions limited the request to that portion in which appellant was interrogated.

At the hearing on his motion to suppress, appellant limited his objection to the portion of the tape during which he had been interrogated.

■ While it is true that the ground of error is more specific in appellant's brief than in his written motion to suppress, it is clear that appellant's motion was sufficiently detailed to direct the trial court's attention to the basis of his objection, and that appellant clarified his objection at the hearing. We deem the pretrial motion sufficient to preserve appellant's ground for review. *Burns v. State*, 486 S.W.2d 310 (Tex.Crim.App.1971).

The State also contends that appellant specifically waived all of his State and federal rights because appellant signed a document entitled "Waiver of Constitutional and Statutory Rights in Misdemeanor," before entering his plea. In the document, appellant waived his right to counsel and his right against self-incrimination.

■ We find that the pre-plea waiver form did not have the effect of waiving appellant's Fifth Amendment right to counsel at the time the videotape was made, which was almost one year prior to the entry of the plea.

■ Lastly, the State maintains that because the judge is presumed to disregard any inadmissible evidence, any error was waived. Where the plea of no contest in a misdemeanor case is before the court, the trial court is not required to hear any evidence supporting the plea. *Isam*, 582 S.W.2d at 443. In the instant cause, appellant was convicted solely on his plea of no contest. The presumption does not apply.

We hold that the ground of error was not waived.

We now turn to the merits of the ground of error. The State's position that appellant requested to call his wife is contrary to the findings of the trial judge. The videotape was the only evidence presented at the hearing on the motion to suppress. Based

on the videotape, the trial court found that, after receiving his *Miranda* warnings, appellant stated, "I'll call my lawyer now." Appellant obtained the attorney's phone number and spoke with someone at that number who gave him information regarding a bondsman. This court has also viewed the videotape and agrees with the trial court's finding that appellant asked to call his attorney and took the opportunity to do so.

The trial court found that: 1) after making the call, appellant reinitiated the interview by asking about release on bail, was reminded of his rights which he stated he understood, and then participated in the interview; and 2) appellant never requested that the interview be terminated nor did he request an attorney. The trial court concluded that defendant knowingly, intelligently, and voluntarily waived all of the rights enumerated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); that all of the requirements of Tex. Code Crim.P.Ann. art. 38.22 (Vernon 1979 & Supp.1986) were fulfilled; that appellant never invoked his right to counsel; and that his statements were voluntary. The trial court made no finding regarding any statements made by the officer while appellant was on the telephone.

■ This Court has reviewed the videotape which was the only evidence admitted at the hearing. While appellant was speaking on the telephone, the police officer stated:

> The phone call is for legal advice, sir.... He can't come down, not now.... Sir, it will do him no good to come down now. The telephone call is for legal advice.... Tell him that you've been arrested for suspicion of DWI and ask him what he wants you to do.... You'll be able to call him later.... He'll be able to come and get you later....

In *Miranda,* the Supreme Court held that:

> If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.

384 U.S. at 444–5, 86 S.Ct. at 1612. Unlike the trial court, we conclude that appellant invoked his right to counsel when he said that he would call his lawyer. *Compare Smith v. Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984) (where statement that "Uh, yeah. I'd like to do that." held sufficient to invoke the right to counsel); *Ochoa v. State,* 573 S.W.2d 796 (Tex. Crim.App.1978) (where defendant made some mention that he might possibly want to talk to an attorney, held sufficient invocation of Fifth Amendment right to counsel). *Goodnough v. State,* 627 S.W.2d 841 (Tex.App.—San Antonio 1982, pet. ref'd) (where statement "I might better talk to a lawyer first," held sufficient to invoke the right to counsel).

■ Once appellant asserted his right to counsel, further interrogation regarding the offense should not have taken place unless the appellant himself initiated further communication, exchanges or conversation. In *Edwards v. Arizona,* 451 U.S. 477, 484, 101 S.Ct. 1880, 1884–1885, 68 L.Ed.2d 378 (1981) the Supreme Court held that:

> when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

In the instant cause, appellant invoked his right to consult with counsel and was given the opportunity to consult with counsel (whether or not he successfully did so). But the trial court found that appellant reinitiated the interview. In *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830,

77 L.Ed.2d 405 (1983), the Supreme Court held that:

> There can be no doubt in this case that in asking, "Well, what is going to happen to me now?", respondent "initiated" further conversation in the ordinary dictionary sense of that word. While we doubt that it would be desirable to build a super-structure of legal refinements around the word "initiate" in this context, there are undoubtedly situations where a bare inquiry by either a defendant or by a police officer should not be held to "initiate" any conversation or dialogue. There are some inquiries, such as a request for a drink of water or a request to use a telephone that are so routine that they cannot be fairly said to represent a desire on the part of any accused to open up a more generalized discussion relating directly or indirectly to the investigation. Such inquiries or statements, by either an accused or a police officer, relating to routine incidents of the custodial relationship, will not generally "initiate" a conversation in the sense which that word was used in *Edwards*.

at 103 S.Ct. 2835.

■ In the instant cause, the trial court found that appellant's inquiry, "Can they help me, will they get me out?" (referring to a bonding company) sufficiently reinitiated a generalized conversation with the police officer. We disagree. Inquiries about bail are the type of necessary inquiries arising out of the incidents of the custodial relationship, distinguished in *Edwards* from conversations evincing a desire to open up more generalized discussion relating to the investigation.

■ However, even if appellant's interaction with the officer had been sufficient to allow continued interrogation, we find that the State failed to show a knowing and intelligent waiver of the Fifth Amendment right to have counsel present during interrogation. Invocation and waiver are entirely distinct inquiries. *Smith v. Illinois*, 105 S.Ct. 490, 494 (1984).

Appellant refused to perform most of the coordination tests. He was then reminded that he had been previously informed of his rights and stated that he understood them. He proceeded to answer the officer's questions about the events leading up to his arrest.

■ Considering the totality of the circumstances, and appellant's refusal to participate in certain of the coordination tests, we find that the police officer left appellant with the clear impression that he could consult with his attorney only by phone and had no right to the presence of counsel during the interrogation. The officer repeated emphatically that appellant's attorney could not come to the police station during the interview. We disagree with the trial judge's conclusion and find that the State failed to prove that appellant knowingly and intelligently waived his right to counsel.

Because the State failed to meet its burden of proving a knowing and intelligent waiver of counsel, and because of the limitation placed on appellant's Fifth Amendment right to counsel by the police officer, the audio portion of the videotape in which appellant was interrogated about the offense should have been suppressed. *Jones v. State*, 703 S.W.2d 391 (Tex.App.—Eastland 1986, no pet.); *Goodnough v. State*, 627 S.W.2d 841; *compare Mills v. State*, 696 S.W.2d 421 (Tex.App.—Dallas 1985, no pet.).

Appellant's ground of error is sustained.

The judgment is reversed, and the cause is remanded for a new trial.