**Paul KRAFT,**

v.

**The STATE of Texas, Appellee.**

No. 814–86.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1988.

James R. Walker, Jr., William C. Meyer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Joseph Salab, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Upon his plea of *nolo contendere*, appellant was convicted of the misdemeanor offense of driving while intoxicated. The

trial court assessed punishment at 180 days in jail, probated for a period of two years, and a fine of $400.00.

Appellant contended on appeal "that the trial judge erred in failing to suppress the audio portion of his DWI videotape where [he] was interrogated without counsel." *Kraft v. State,* 713 S.W.2d 168, at 170 (Tex.App.—Houston [1st] 1986). The court of appeals agreed, and reversed and remanded the cause for a new trial. Along the way the court of appeals observed that "[a]ppellant may challenge the adverse ruling on his pretrial motion to suppress the audio portion of the videotape because he entered a plea pursuant to a plea bargain. *Isam v. State,* 582 S.W.2d 441 (Tex.Crim.App.1979); Tex.Code Crim.P.Ann. art. 44.-02 (Vernon 1979)." *Id.*

In *Isam v. State,* supra, this Court addressed the issue of proper application of former Article 44.02, V.A.C.C.P. to pleas of guilty or *nolo contendere* in misdemeanor prosecutions. The Court held that the rule announced in *Brown v. State,* 507 S.W.2d 235 (Tex.Cr.App.1974), that such pleas admit every element of the offense charged, "does not apply to an appeal from a misdemeanor guilty plea that challenges the ruling on ... a pretrial motion." 582 S.W.2d at 444. A contrary holding, we observed, would have "thwarted" one of the legislative purposes underlying Article 44.02, supra, *viz:* to encourage guilty pleas in cases where the only contested issue is some matter such as the lawfulness of a search or voluntariness of a confession, see *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), in that application of the rule in *Brown,* supra, would defeat the necessity for an appellate determination of such issues. *Isam,* at 443. Thus, much as we have lately held that a judicial confession given in support of a plea of guilty or *nolo contendere* in a felony prosecution will not, standing alone, obviate substantive treatment of the merits of a pretrial motion to suppress, *Morgan v. State,* 688 S.W.2d 504 (Tex.Cr.App.1985), neither will such a plea in a misdemeanor prosecution by itself defeat the defendant's appeal merely because it has been held for other purposes to admit every element of the offense charged.

The State now advances the argument that the evidence the court of appeals held should have been suppressed was essentially exculpatory in effect, and that it would not have sought to "use" that evidence against appellant in any event, so as to call into play principles of evidentiary exclusion. Relying upon its interpretation of our opinion in *McGlynn v. State,* 704 S.W.2d 18 (Tex.Cr.App.1982), the State contends that the admissibility of the audio portion of the videotape is therefore a purely "academic" question. We granted the State's petition in order to address these contentions. Tex.R.App.Pro. Rule 200(c)(2).

McGlynn was prosecuted for the misdemeanor offense of possession of methylphenidate. This Court observed that in context of pleas of guilty or *nolo contendere* in misdemeanor prosecutions, where evidence is not required in support of the judgment thereon:

"it is the record of germane testimony and exhibits, if any, perfected for and brought forward on appeal which will inform an appellate determination of the matter raised by written motion prior to trial—even though that record had not been admitted in some fashion as evidence at the guilty plea trial."

704 S.W.2d at 20. Looking to the evidence adduced at the pretrial hearing, we noted there was no showing "that anything the officer seized was methylphenidate, much more than it was the same methylphenidate, to which [McGlynn] pleaded guilty of possessing." Because we were not "confident about what fruits of a search [had] somehow been used," we declined to address the merits of McGlynn's Fourth Amendment claim.

The State argues this rationale should be adopted in the context of motions to suppress evidence founded on purported Fifth Amendment violations, and we readily agree. Thus, "unless and until" an appellate court knows the content of a confession or statement allegedly obtained by illegal means, and that the confession or statement is of such a nature that it may be said it has "somehow been used," the

court need not entertain a point of error attacking admissibility of that evidence. Though the accused has the right to appeal such a claim, under former Article 44.02, supra, as construed by *Isam,* under circumstances analogous to those set out in *McGlynn* the court of appeals need not decide the claim on the merits.

Unlike the situation in *McGlynn,* exactly "what fruits" appellant maintains have "somehow been used" to his detriment is manifest in the instant record. The videotape was admitted into the record as the only evidence adduced at the hearing on the motion to suppress. This Court is thus aware of the content of appellant's videotape in the instant cause, as was the court of appeals, which in fact quoted from it in its opinion. The remaining question, not explicitly addressed in *McGlynn,* is whether that part of the audio portion of the tape which the court of appeals held should have been suppressed has "somehow been used[.]"

The State maintains it has not. During the course of questioning appellant admitted on the videotape that he had been driving his automobile for about two minutes in a parking lot, and that he had been in an accident. He denied being under the influence of alcohol. The State argues that "[s]ince the operation of a vehicle in a public place is generally proven up through the arresting officer, and is rarely a seriously contested element of a driving while intoxicated case, and since the appellant's statements in no way served to support the State's allegation of intoxication 'by reason of the introduction of *alcohol* into his body,' it does not appear that there was any reason for the introduction of the videotape by the State during the appellant's trial." However, that the fact that the accused was 1) driving, 2) a motor vehicle, 3) in a public place, may not be seriously contested in the general run of DWI cases does not serve to unburden the State of proving those elements beyond a reasonable doubt in every such case. Only a plea of guilty or *nolo contendere* could accomplish that. The record does not show what evidence other than the videotape the State could adduce in this cause. We *do* know

that, utilizing no more than appellant's own statement, the State could prove every element of the offense except the fact of intoxication.

In contesting appellant's motion to suppress and obtaining a ruling that the videotape was admissible in its entirety, the State preserved the option to "use" appellant's statement as part or all of its evidence going to establish the above elements in a full-blown trial. This ruling undoubtedly contributed in some measure to the State's leverage in the plea bargaining process; the more relevant evidence appellant knows could be marshalled against him, the more preferable would appear his option to relinquish constitutional rights of trial and confrontation in exchange for a favorable punishment recommendation. Thus we may presume that at least to some extent the State has "used" the contested evidence to obtain appellant's plea.

As we understand it, the State would have us attempt to measure the extent to which the trial court's ruling on appellant's suppression motion contributed to the State's leverage in obtaining a plea. Because what appellant sought to have suppressed in this case "is rarely a seriously contested element" of the offense, we should hold that availability of that evidence could not have been a factor in his decision to plead, and thus the evidence was not "used" against him. Such an undertaking on our part, however, would be utterly speculative. Just because other, unspecified evidence, not subject to a motion to suppress, might have been legally sufficient to support a verdict of guilt had the cause gone to trial, does not mean that the evidence appellant *did* seek to suppress could not have been, in his decision whether to put the State to its proof, the straw that broke the proverbial camel's back. It is for appellant, on advice of counsel, to determine on what quantum of evidence to relinquish his rights and plead, and what quantum to take his chances at trial. For this Court now to speculate, in effect, that he would have pled *nolo contendere* regardless of whether he would thereby pre-

serve his right to appeal the trial court's ruling on his motion to suppress, or worse, that he would have been convicted in any event in a trial, would encroach upon appellant's prerogative to assess the relative strength of his own case. Such encroachment could only frustrate the legislative purpose behind Art. 44.02, supra, which we endeavored to protect in *Isam*, namely: to encourage guilty pleas in cases such as this.

■ We hold that so long as it may be concluded that particular evidence the accused maintains should have been suppressed pursuant to a motion raising Fourth or Fifth Amendment violations would in *any* measure inculpate the accused, that evidence has been "used" against him in securing his misdemeanor conviction, and hence, the appellate court should entertain the merits of his appeal.* Accordingly, in the instant cause we hold that the "fruits" of what the court of appeals found to be a violation of appellant's Fifth Amendment rights were indeed "somehow ... used" against him.

The judgment of the court of appeals is affirmed.

ONION, P.J., and W.C. DAVIS, J., dissent.

McCORMICK, J., not participating.

---

* Thus, at least in context of appeal of a pretrial motion raising Fourth or Fifth Amendment violations following guilty or *nolo* pleas in misdemeanor cases, we reject the State's invitation to hold that before an appellate court need reach the merits of that appeal, it must find that favorable resolution of the motion in the trial court would have been dispositive of the cause. See *Garcia v. State,* 726 S.W.2d 231 (Tex.App.— Houston [14th] 1987) (Robertson, J., concurring).