Montoya v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-151-CR

MICHAEL PETER MONTOYA A/K/A APPELLANT

MACHIEL PETER MONTOYA

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Michael (a.k.a. Machiel) Peter Montoya negotiated a plea bargain and entered a plea of guilty to possession of less than two ounces of marihuana.  He received deferred adjudication community supervision and obtained the trial court’s permission to appeal the ruling denying his motion to suppress the marihuana.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

 In his first three points, appellant contends that the investigative detention leading to appellant’s arrest was not based on reasonable suspicion and that the arresting officer did not articulate any reasonable suspicion that would justify a search of the vehicle.

We review the trial court’s ruling on a motion to suppress for an abuse of discretion.  
Welch v. State
, 93 S.W.3d 50, 53 (Tex. Crim. App. 2002).  We give “almost total deference” to the trial court’s determination of historical facts, and review de novo its application of search and seizure law.  
Id
.; 
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  The trial court did not make explicit findings of historical fact in this case, so we review the evidence in a light most favorable to the trial court’s ruling.  
Welch
, 93 S.W.3d at 53;
 Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).  

The record in this case shows that the marihuana was seized during a search incident to appellant’s arrest.  
Sergeant David Boden stopped appellant for speeding, briefly detained him for officer safety,
(footnote: 2) then performed a routine license check, which revealed three outstanding warrants.  
See
 
Walter v. State
, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) 
(during a lawful traffic stop, an officer is permitted to detain the individual to check for outstanding warrants). 
When the license check showed three outstanding warrants for appellant’s arrest, Officer Boden had probable cause to arrest appellant.  
See Haley v. State
, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972) (probable cause “clearly existed” for arrest when check revealed outstanding warrants); 
Oliver v. State
, 10 S.W.3d 411, 416 (Tex. App.—Waco 2000, no pet.) (same).

Once Officer Boden arrested appellant, he had the authority to search the passenger compartment of the vehicle and to seize evidence that was in plain view.  
New York v. Belton
, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981); 
State v. Ballard
, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999);
 
Pettigrew v. State
, 908 S.W.2d 563, 570 (Tex. App.—Fort Worth 1995, pet. ref’d). 
 
We overrule appellant’s first, second, and third points.
(footnote: 3)
 In his fourth point, appellant contends that the case must be reversed and an acquittal entered because the evidence at the suppression hearing was insufficient to affirmatively link him to the marijuana found in the vehicle.  This appeal, however, is limited to the denial of appellant’s motion to suppress.
(footnote: 4)  A challenge to the sufficiency of the evidence to support a conviction is not a proper subject of an appeal from a denial of a motion to suppress evidence.  
Avila v. State
, 884 S.W.2d 896, 898 (Tex. App.—San Antonio 1994, no pet.).  Further, by entering a guilty plea, appellant has admitted every element of the offense charged.  
Kraft v. State
, 762 S.W.2d 612, 613 (Tex. Crim. App. 1988).  The exception allowing an appeal of a pretrial ruling would not encompass this insufficient evidence complaint.  
See id. 
 Appellant cannot now challenge the sufficiency of the evidence to support an element that he has admitted.  We overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Contrary to appellant’s assertion, Officer Boden’s brief handcuffing when appellant became uncooperative was not an arrest, but rather a reasonable precaution for officer safety.  
See Mays v. State
, 726 S.W.2d 937, 944 (Tex. Crim. App. 1986),
 
cert. denied
, 484 U.S. 1079 (1988); 
Rhodes v. State
, 913 S.W.2d 242, 248 (Tex. App.—Fort Worth 1995), 
aff’d
, 945 S.W.2d 115 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 894 (1997)
.

3:
We will not consider appellant’s claim that his state constitutional rights were violated because he failed to make separate arguments for his federal and state constitutional claims.  
See Heitman v. State
, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991); 
Rhodes
, 913 S.W.2d at 246.

4:
Appellant also claims that the marihuana should have been suppressed  due to the lack of affirmative links. 
 The lack of affirmative links may be relevant to the evidentiary weight of the marihuana, but not to its admissibility.  Further, appellant did not raise this point in his motion to suppress.