COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-151-CR
 
  
MICHAEL 
PETER MONTOYA A/K/A                                          APPELLANT
MACHIEL 
PETER MONTOYA
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Michael 
(a.k.a. Machiel) Peter Montoya negotiated a plea bargain and entered a plea of 
guilty to possession of less than two ounces of marihuana.  He received 
deferred adjudication community supervision and obtained the trial court’s 
permission to appeal the ruling denying his motion to suppress the 
marihuana.  We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his first three points, appellant contends that the investigative detention 
leading to appellant’s arrest was not based on reasonable suspicion and that 
the arresting officer did not articulate any reasonable suspicion that would 
justify a search of the vehicle.
        We 
review the trial court’s ruling on a motion to suppress for an abuse of 
discretion.  Welch v. State, 93 S.W.3d 50, 53 (Tex. Crim. App. 
2002).  We give “almost total deference” to the trial court’s 
determination of historical facts, and review de novo its application of search 
and seizure law. Id.; Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. 
Crim. App. 1997).  The trial court did not make explicit findings of 
historical fact in this case, so we review the evidence in a light most 
favorable to the trial court’s ruling.  Welch, 93 S.W.3d at 53; 
Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).
        The 
record in this case shows that the marihuana was seized during a search incident 
to appellant’s arrest.  Sergeant David Boden stopped appellant for 
speeding, briefly detained him for officer safety,[2] 
then performed a routine license check, which revealed three outstanding 
warrants.  See Walter v. State, 28 S.W.3d 538, 542 (Tex. 
Crim. App. 2000) (during a lawful traffic stop, an officer is permitted to 
detain the individual to check for outstanding warrants).  When the license 
check showed three outstanding warrants for appellant’s arrest, Officer Boden 
had probable cause to arrest appellant.  See Haley v. State, 480 
S.W.2d 644, 645 (Tex. Crim. App. 1972) (probable cause “clearly existed” for 
arrest when check revealed outstanding warrants); Oliver v. State, 10 
S.W.3d 411, 416 (Tex. App.—Waco 2000, no pet.) (same).
        Once 
Officer Boden arrested appellant, he had the authority to search the passenger 
compartment of the vehicle and to seize evidence that was in plain view.  New 
York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981); State v. 
Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999); Pettigrew v. State, 
908 S.W.2d 563, 570 (Tex. App.—Fort Worth 1995, pet. ref’d).  We 
overrule appellant’s first, second, and third points.[3]
        In 
his fourth point, appellant contends that the case must be reversed and an 
acquittal entered because the evidence at the suppression hearing was 
insufficient to affirmatively link him to the marijuana found in the 
vehicle.  This appeal, however, is limited to the denial of appellant’s 
motion to suppress.[4]  A challenge to the 
sufficiency of the evidence to support a conviction is not a proper subject of 
an appeal from a denial of a motion to suppress evidence.  Avila v. 
State, 884 S.W.2d 896, 898 (Tex. App.—San Antonio 1994, no pet.).  
Further, by entering a guilty plea, appellant has admitted every element of the 
offense charged.  Kraft v. State, 762 S.W.2d 612, 613 (Tex. Crim. 
App. 1988).  The exception allowing an appeal of a pretrial ruling would 
not encompass this insufficient evidence complaint.  See id.  Appellant 
cannot now challenge the sufficiency of the evidence to support an element that 
he has admitted.  We overrule appellant’s fourth point.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
  
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Contrary to appellant’s assertion, Officer Boden’s brief handcuffing when 
appellant became uncooperative was not an arrest, but rather a reasonable 
precaution for officer safety. See Mays v. State, 726 S.W.2d 937, 944 
(Tex. Crim. App. 1986), cert. denied, 484 U.S. 1079 (1988); Rhodes v. 
State, 913 S.W.2d 242, 248 (Tex. App.—Fort Worth 1995), aff’d, 
945 S.W.2d 115 (Tex. Crim. App.), cert. denied, 522 U.S. 894 (1997).
3.  
We will not consider appellant’s claim that his state constitutional rights 
were violated because he failed to make separate arguments for his federal and 
state constitutional claims. See Heitman v. State, 815 S.W.2d 681, 690 
n.23 (Tex. Crim. App. 1991); Rhodes, 913 S.W.2d at 246.
4.  
Appellant also claims that the marihuana should have been suppressed due to the 
lack of affirmative links.  The lack of affirmative links may be relevant 
to the evidentiary weight of the marihuana, but not to its admissibility.  
Further, appellant did not raise this point in his motion to suppress.