Reversed and Remanded and Opinion filed February 10, 2009








Reversed
and Remanded and Opinion filed February 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01044-CR

____________

 

WILLIAM A. PAULEA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1125686

 



 

O P I N I O N

Appellant William A. Paulea challenges his conviction for
possession of a controlled substance, claiming the trial court committed error
in denying his motion to suppress the evidence seized during an unlawful
arrest.  Because the State did not produce the warrants, which were the stated
basis for appellant=s arrest, and because the record does not
contain adequate grounds to conclude probable cause existed for his arrest, the
trial court erred in denying appellant=s motion to
suppress.  We reverse and remand.








I.  Factual and Procedural
Background

A police officer observed an unattended vehicle parked in a
traffic lane.  Appellant, who was across the street, signaled to the officer
that the vehicle belonged to him and that he would move it from the roadway. 
The officer treated the incident as a traffic violation and ran appellant=s license plate
number on a computer.  The officer learned that someone associated with the
vehicle had four, outstanding city warrants.  The officer detained appellant in
the officer=s patrol car until the officer could verify more
information about the warrants.[1] 
When the officer learned the outstanding warrants were issued to appellant, the
officer arrested him for the warrant violations.  At some point before
appellant=s arrest, the officer asked appellant for his driver=s license, but
appellant did not produce one.

Before appellant=s vehicle was
towed, the officer conducted an inventory of the vehicle.  The officer found a
plastic bag imprinted with marijuana leaves protruding from the area between
the center console and the driver=s seat.  The bag
contained a substance consistent with crystal methamphetamine.  The officer ran
tests to determine if the contents of the bag was a controlled substance and
received positive results.  

Appellant was charged with a felony offense of possession
of a controlled substance.  Appellant filed a motion to suppress evidence
seized during his arrest on the basis that it was illegally obtained in a
warrantless arrest and subsequent search.  At a hearing on the motion, the
State did not produce the outstanding warrants.  Instead the police officer
testified that parking in a traffic lane and driving without a license are
violations of law.  The trial court denied appellant=s motion to
suppress. 








Appellant then pleaded Aguilty@ to the charges,
and the trial court sentenced appellant to deferred adjudication probation for
two years.  Appellant now challenges the trial court=s denial of his
motion to suppress.

II.  Issues and Analysis

In his first issue, appellant argues his arrest was not
made under a valid warrant because the State did not produce any warrant at the
suppression hearing.  In his second issue, appellant claims there was no
probable cause to arrest him.  Appellant further asserts that because he was
unlawfully arrested in violation of the Fourth Amendment, any evidence seized
during his arrest should have been suppressed, and, therefore, the trial court
erred in denying his motion to suppress.

We review the trial court=s ruling on a
motion to suppress under an abuse-of-discretion standard.  State v. Dixon,
206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  If supported by the record, a
trial court=s ruling on a motion to suppress will not be
overturned.  Id.  At a suppression hearing, the trial court is the sole
finder of fact and is free to believe or disbelieve any or all of the evidence
presented.  Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  We afford almost total deference to the trial court=s determination of
the historical facts that the record supports, especially when the trial court=s findings turn on
evaluating a witness=s credibility and demeanor.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000), modified on other
grounds, State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  We
review de novo the trial court=s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  Id.  Although a reviewing court must view the
evidence in a light most favorable to a trial court=s ruling when, as
in this case, the trial court does not file any findings of fact, a reviewing
court will assume that the trial court made implicit findings of fact to
support the ruling as long as the findings are supported by the record.  Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).








The Fourth Amendment of the United States Constitution
provides:

The right of the people to be secure in their persons, houses, papers,
and effects, against unreasonable searches and seizures, shall not be violated,
and no Warrants shall issue, but upon probable cause, supported by Oath or
affirmation, and particularly describing the place to be searched, and the
persons or things to be seized.

U.S. Const. amend. IV.  Generally, an arrest
or search without a valid arrest warrant is unreasonable unless it fits into
one or more recognized exceptions.  See Torres, 182 S.W.3d at 901.

When the State seeks to justify an arrest on the basis of a
warrant, it is incumbent on the State to produce the warrant and its supporting
affidavit for inspection by the trial court.  Etheridge v. State, 903
S.W.2d 1, 19 (Tex. Crim. App. 1994).  A>This requirement
is imposed so that the trial court may inspect the documents and determine
whether probable cause existed and ensure that the arrestee=s rights have been
fully protected.=@  Id.
(quoting Garrett v. State, 791 S.W.2d 137, 140 (Tex. Crim. App. 1990)). 
However, if a warrant is required to make a valid arrest, the State=s failure to
produce it at a suppression hearing does not mandate suppression of evidence.  See
Weems v. State, 167 S.W.3d 350, 356 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  In such cases, there must be
sufficient evidence introduced at a suppression hearing to provide the trial
court with an opportunity to determine whether probable cause existed for the
accused=s arrest.  See
Etheridge, 903 S.W.2d at 18; Weems, 167 S.W.3d at 357. 








At the suppression hearing on appellant=s motion, the
State did not present any arrest warrants or affidavits stating the probable
cause to the trial court.  The State concedes as much on appeal.  Furthermore,
the officer=s scant testimony regarding the warrants consisted
almost entirely of hearsay and double-hearsay that a dispatcher verified the
warrants= existence; and
there was no testimony as to the contents of the probable cause affidavit for
those warrants.  See Weems, 167 S.W.3d at 357.  No other evidence was
produced at the suppression hearing that would permit the trial court to
determine the existence of probable cause to arrest appellant based on the
warrants.  See id.  

Because the State did not produce the warrants or
affidavits, we consider whether there was sufficient evidence introduced at the
suppression hearing to provide the trial court with an opportunity to determine
whether probable cause existed for appellant=s arrest.  See
Etheridge, 903 S.W.2d at 18; Weems, 167 S.W.3d at 357.  An exception
to the general rule allows a police officer to arrest a suspect without a
warrant when the State shows:  (1) the officer had constitutional probable
cause to arrest, and (2) the arrest falls within an exception listed in Chapter
14 of the Texas Code of Criminal Procedure.  See Stull v. State, 772
S.W.2d 449, 451 (Tex. Crim. App. 1989).  Probable cause for a
warrantless arrest exists when officers have reasonably trustworthy information
sufficient to warrant a reasonable belief that an offense has been or is being
committed.  McGee v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003). 
AA peace officer
may arrest an offender without a warrant for any offense committed in his presence
or within his view.@  Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).  

Appellant argues that no probable cause existed for his
arrest because he did not violate any traffic ordinances.  A reviewing court
considers the totality of the circumstances grounded by facts when reviewing de
novo whether probable cause exists to effect a warrantless arrest.  See
Torres, 182 S.W.3d at 902.  The burden falls on the State to prove probable
cause justifying a warrantless arrest or search.  See id.; Crane v.
State, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990). 

The State cites section 545.363 of the Texas Transportation
Code as providing probable cause for appellant=s arrest.  See Tex. Transp. Code Ann. ' 545.363(a)
(Vernon 1999).  Section 545.363 provides in relevant part:








(a)     An operator may not drive so slowly as to
impede the normal and reasonable movement of traffic except when reduced speed
is necessary for safe operation or in compliance with law.

Id.  The State also
cites parts of section 42.03 of the Texas Penal Code, provided below:

(a)     A person commits an offense
if, without legal privilege or authority, he intentionally, knowingly, or
recklessly:

(1)     obstructs a highway,
street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or
exit to which the public or a substantial group of the public had access, or
any other place used for the passage of persons, vehicles, or conveyances,
regardless of the means of creating the obstruction and whether the obstruction
arises from his acts alone or from his acts and the acts of others;

. . .

(b)     For purposes of this
section, Aobstruct@ means to render impassable or to
render passage unreasonably inconvenient or hazardous.

Tex. Penal Code Ann. ' 42.03 (Vernon
2003).













At the suppression hearing, the officer testified that he
observed appellant=s unattended vehicle stopped in a moving
traffic lane of a two-way, two-lane roadway.  The officer=s meager testimony
provided no evidence that any normal or reasonable movement of traffic, if any,
was obstructed or otherwise impeded within the meaning of the language in the
section 545.363 of the Transportation Code.  See Richardson v. State, 39
S.W.3d 634, 639B40 (Tex. App.CAmarillo 2000, no
pet.) (concluding evidence did not support a finding of reasonable suspicion
for the appellant=s investigative stop under section
545.363(a)).  Moreover, no evidence presented at the suppression hearing
supports a conclusion that appellant=s vehicle was in
violation of section 42.03 of the Penal Code, especially in light of the
officer=s uncontroverted
testimony that he could Aeasily@ pass appellant=s car.[2] 
Appellant offered four photographic exhibits at the suppression hearing to show
that the vehicle was not parked in the Amain traveled part
of the road.@[3]  These photos do
not depict appellant=s vehicle as it was parked on the night in
question, and the officer=s testimony was not developed at all in
this regard.  Under the totality of circumstances, we cannot conclude the
sparse evidence offered at the suppression hearing would provide the requisite
factual support to give an officer probable cause to arrest an appellant under
either section 545.363 of the Transportation Code or section 42.03 of the Penal
Code as the State urges.[4] 
See Torres, 182 S.W.3d at 903 (concluding that opinions of
officers cannot be transformed into facts supporting probable cause to arrest
without supporting evidence in the record); see also Ford v. State,
158 S.W.3d 488, 494 (Tex. Crim. App. 2005) (concluding that State failed to
elicit facts to support an officer=s judgment that
the accused violated a traffic law of following another car too closely in
order to determine reasonable suspicion to stop); Richardson, 39 S.W.3d
at 640.  Therefore, appellant=s arrest lacked probable cause and was
unlawful.  See Torres, 182 S.W.3d at 903.

Because we conclude appellant=s arrest was
unlawful, the evidence acquired as a result of appellant=s unlawful arrest
should not have been admitted under the requirements of article 38.23 of the
Code of Criminal Procedure.[5] 
Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon 2005).  In viewing the evidence under the applicable standard,
the trial court abused its discretion in denying appellant=s motion to
suppress.  See Torres, 182 S.W.3d at 900-01 (affirming reviewing
court=s conclusion that
officer lacked probable cause and trial court erroneously denied motion to
suppress evidence).  The evidence should have been suppressed.








Having determined that the trial court erred in denying
appellant=s motion to suppress, we now consider whether this
error is reversible.  See Tex. R.
App. P. 44.2.  The error violated appellant=s federal
constitutional rights.  Torres, 182 S.W.3d at 901, 903.  The Court of
Criminal Appeals has stated that appellate courts are not to speculate as to an
appellant=s reasons for entering a Aguilty@ plea or as to
whether appellant would have done so if the motion to suppress had been
granted.  See McKenna v. State, 780 S.W.2d 797, 799B800 (Tex. Crim.
App. 1989); Kraft v. State, 762 S.W.2d 612, 613B15 (Tex. Crim.
App. 1988).  As long as the evidence that should have been suppressed Awould in any
measure inculpate the accused,@ this court must presume that the trial
court=s denial of
appellant=s motion to suppress influenced appellant=s decision to
plead Aguilty@ and is reversible
error.  See McKenna, 780 S.W.2d at 799B800; Kraft,
762 S.W.2d at 613B15.  Because the evidence seized during
the officer=s inventory of appellant=s vehicle, namely
the methamphetamine, was inculpatory, we presume the trial court=s erroneous denial
of appellant=s motion to suppress influenced appellant=s decision to
plead Aguilty.@  Therefore, the
error is reversible. 

We sustain appellant=s three issues. 
Accordingly, we reverse the trial court=s judgment and
remand for new trial consistent with this opinion.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Panel consists of
Justices Anderson and Frost and Senior Justice Hudson.*

Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The officer=s
testimony at the hearing on appellant=s
motion to suppress indicates that appellant was inside the vehicle at some
point between the time the officer arrived on the scene and the time appellant
was detained.





[2]  The State urges this court to infer that in order to
Aeasily@ pass appellant=s vehicle, the officer car must have initially driven
past appellant=s vehicle in the opposite direction and then
subsequently made a U-turn to pull behind appellant=s vehicle.  Nothing in the record supports such an
inference.  The facts, in this regard, were simply not developed with respect
to the officer=s testimony.  Probable cause must be based on
specific, articulable facts, and not opinions.  Torres, 182 S.W.3d at
903.





[3]  Appellant produced these exhibits to prove he was
not in violation of section 545.301 of the Texas Transportation Code.  See Tex. Transp. Code Ann. ' 545.301 (Vernon 1999) (providing that A[a]n operator may not stop, park, or leave standing an
attended or unattended vehicle on the main traveled part of a highway outside a
business or residence district@ unless several
exceptions apply).  The record does not contain facts sufficient to support
probable cause for arrest pursuant to this section given the officer=s scant testimony and in light of the fact that he Aeasily@ passed the
vehicle.





[4]  The State relies on several cases for support that
probable cause exists in this case, but those cases are easily distinguished on
the basis that the cited facts in each case were adequate, as established in
each record, to give an officer probable cause to arrest.  See Windham
v. State, No. 14-07-00193-CR, 2008 WL 2169918, at *3B4 (Tex. App.CHouston
[14th Dist.] May 22, 2008, pet. ref=d)
(mem. op., not designated for publication) (impeding traffic as established by
a video supported officer=s testimony to probable cause under section 42.03 of
the Penal Code); Green v. State, 773 S.W.2d 816, 818B19 (Tex. App.CSan
Antonio 1989, no pet.) (impeding traffic and causing a hazard supported
probable cause).  Furthermore, the record contains no evidence that appellant
was Aoperating a motor vehicle.@  The State did not respond to appellant=s argument that an alleged violation of driving
without a license is not supported by the facts in this record when the facts
do not show that appellant was operating a motor vehicle.  See Tex. Transp. Code. Ann. ' 521.025 (Vernon 2007) (requiring a person to possess
a driver=s license while operating a motor vehicle to display
on demand to a peace officer).





[5]  The State argues that the plain-view doctrine
applies to the contents of the plastic bag.  However, the facts show that the
officer saw the bag during an inventory search of the vehicle after appellant=s unlawful arrest and that the officer did not see the
bag when appellant first exited the vehicle before his arrest.  The plain-view doctrine requires
that (1) law enforcement officials have a right to be where they are; and (2)
it is immediately apparent that the item seized constitutes evidence, that is,
there is probable cause to associate the item with criminal activity.  Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  The
inventory search could not be constitutional because it followed appellant=s illegal arrest.  See State v. Johnson, 896
S.W.2d 277, 288 (Tex. App.CHouston [1st
Dist.] 1995), aff=d, 939 S.W.2d 586 (Tex. Crim. App. 1996).  Accordingly,
the plain-view doctrine would not apply to the facts as developed in this
record.





*  Senior Justice J. Harvey Hudson sitting by
assignment.