

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOs. PD–0453–07, PD–0454–07, PD–0455–07, PD–0456–07, PD–0457–07, PD–0458–07, PD–0459–07, PD–0460–07

**TERRY M. HOLMES, DAVID WOODALL, GABRIEL J. WILLIAMS, GABRIEL CONTRERAS, JR., APRIL HARLOW, ALFONSO R. RODRIGUEZ, MICHAEL BRICE, & WALTER WIDENER, JR., Appellants**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### HARRISON COUNTY

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., and WOMACK, JOHNSON, KEASLER, HERVEY, and HOLCOMB, JJ., joined.  PRICE and COCHRAN, JJ., concurred.

### OPINION ON STATE'S MOTION FOR REHEARING

The defendants in eight separate cases were charged with driving while

intoxicated.  In each case, the defendant filed a pretrial motion to cross-examine the

State's expert on the breath-testing machine, the Intoxilyzer 5000.  The trial court denied

the motions, and the defendants entered pleas of no contest.  Each defendant was found

guilty. The trial court certified the defendants' right to appeal. All eight defendants appealed, and the court of appeals reversed and remanded the cases to the trial court.[1] The State filed a petition for discretionary review in each case. We consolidated the eight cases and granted the State's petition. We issued an opinion related to the preservation of error and affirmed the court of appeals in all of the cases except *Woodall*. In *Woodall*, we reversed the court of appeals, holding that the error was not preserved. *See Holmes, et al. v. State*, 2009 Tex. Crim. App. LEXIS 522. The State Prosecuting Attorney filed a motion for rehearing in the cases we affirmed, claiming that the issues presented in the State's grounds for review were distinct from the preservation of error issue discussed in our opinion. We granted the State's motion for rehearing and ordered rehearing on our own motion in *Woodall*. We will affirm the court of appeals.

## STATE'S ARGUMENT ON REHEARING

In its motion for rehearing, the State contends that the issue raised in this case is one of cognizability rather than preservation of error. The State argues that, even if the

---

[1]*Woodall v. State,* 216 S.W.3d 530 (Tex. App. Texarkana 2007); *Holmes v. State*, No. 06-06-00105-CR, 2007 Tex. App. LEXIS 1854 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Williams v. State*, No. 06-06-00107-CR, 2007 Tex. App. LEXIS 1855 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Brice v. State*, No. 06-06-00111-CR, 2007 Tex. App. LEXIS 1865 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Harlow v. State*, No. 06-06-00109-CR, 2007 Tex. App. LEXIS 1858 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Rodriguez v. State*, No. 06-06-00110-CR, 2007 Tex. App. LEXIS 1859 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Widner v. State*, No. 06-06-00112-CR, 2007 Tex. App. LEXIS 1860 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication); *Contreras v. State*, No. 06-06-00108-CR, 2007 Tex. App. LEXIS 1857 (Tex. App. Texarkana, March 9, 2007) (Mem. op., not designated for publication).

trial court erred in denying the defense motions, the defendants cannot get appellate relief unless they show that the erroneous ruling was used against them. However, because the defendants pleaded guilty,[2] there is very little appellate record from which to determine whether the trial court's ruling was used against them. This is what distinguishes this issue from preservation of error. The State concedes that the "concise statement by counsel" may have been sufficient to preserve the challenge to the trial court's ruling. However, it was not enough to show that the trial court's ruling excluding the evidence was used against the Appellants in connection with their guilty pleas.

The question here is whether the trial court's ruling that the defense could not cross-examine the expert on the Intoxilyzer induced the defendants to admit guilt. The State says that questions regarding the machine would not have been relevant because the results of the breath test were not entered into evidence. Therefore, excluding such questions could not be prejudicial. And, since the results of the breath testing were never admitted, the appellate court cannot determine that the evidence was actually used against the appellants in a way that caused them to enter guilty pleas.

**ANALYSIS**

In the court of appeals, the Appellants argued that the trial court's denial of the Sixth Amendment right to cross-examination deprived them of the right to present a

---

[2]The defendants pleaded no contest and were found guilty by the trial court without a trial. A plea of no contest has the same legal effect as a plea of guilty. *See* Code of Criminal Procedure Article 27.02 (5).

defense, which could be developed only through the process of questioning the State's expert. Because the trial court did not allow cross-examination of the State's expert, the defendants agreed to plea so that the evidence they were not allowed to question could not go before a jury. *See Woodall*, 216 S.W.3d at 535, "Woodall was not challenging the admissibility of the test results; rather, he sought to cross-examine the expert witness to raise doubts about the accuracy of the machine itself and, therefore, the weight the jurors should attribute to the results of the test it performed."

We acknowledge the State's assertions that the erroneous ruling cannot be connected to the defendants' pleas since the breath-testing results, about which the defense sought to cross-examine the expert, were not presented. And, that because the defendants entered into plea agreements rather than proceeding to trial, there is little in the appellate record to show that the erroneous ruling was used against the Appellants. However, what was excluded here was not simply the ability to question an expert–it was the right to present a defense.

In *Holmes v. South Carolina*, the Supreme Court stated, "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); citations omitted). *See also California v. Trombetta,* 467 U.S. 479, 486, n.6 (1984) ("In related cases arising

under the Sixth and Fourteenth Amendments, we have recognized that criminal defendants are entitled to call witnesses on their own behalf and to cross-examine witnesses who have testified on the government's behalf." (*citing Davis v. Alaska*, 415 U.S. 308 (1974); *Washington v. Texas*, 388 U.S. 14 (1967))). In the case before us, the trial court's ruling disallowing cross-examination of the State's expert witness violated the defendant's fundamental rights to a fair trial. The Supreme Court said in *Pointer v. Texas*:

> There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Indeed, we have expressly declared that to deprive an accused of the right to cross-examine the witnesses against him is a denial of the Fourteenth Amendment's guarantee of due process of law.

380 U.S. 400, 405 (1965). Because the denial of the right to present a defense is a violation of due process and results in constitutional error, we now turn to the harm analysis.

Under Texas Rule of Appellate Procedure 44.2(a), if the appellate record reveals a constitutional error, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. The State argues that the trial court's ruling was not used against the Appellants and did not induce their pleas. We disagree. In *Kraft v. State*, we determined that by contesting the defendant's motion, the State preserved the option to "use" the

evidence against the defendant in a trial. We concluded that "this ruling undoubtedly contributed in some measure to the State's leverage in the plea bargaining process." 762 S.W.2d 612, 614 (Tex. Crim. App. 1988). Similarly, in *McKenna v. State*, the defendant agreed to plead guilty after his motion was denied because the State preserved the option to use the contested evidence to establish the elements of the offense in a full-blown trial. 780 S.W.2d 797, 799 (Tex. Crim. App. 1989). Here, we cannot determine beyond a reasonable doubt that the trial court's failure to allow the defendants to present a defense did not contribute to their decision to enter pleas, which resulted in their conviction and punishment. Soon after the trial court denied their pretrial motions to permit cross-examination, the defendants changed their pleas to no contest and were found guilty by the trial court. This indicates that the trial court's erroneous ruling was indeed a contributing factor in the defendants' convictions and punishments.

## CONCLUSION

The trial court erred in denying the defendants the right to cross-examine the expert. The trial court's erroneous ruling denied the defendants the right to present a defense, and without the ability to present a defense, the defendants were forced to plead guilty. Because we cannot determine that this violation of the defendants' due-process rights did not contribute to their convictions, we must reverse the judgment of the trial court.

The judgment of the court of appeals is affirmed and the causes are remanded to

the trial court for further proceedings.

Meyers, J.

Delivered: February 24, 2010
Publish